BENJAMIN R. KITTREDGE, Respondent, v. ARTHUR E. GRANNIS, Appellant, Impleaded with ROBERT CUTTING LAWRENCE and Another, Defendants.   (Appeal No. 2.)

First Department, February 5, 1926.

Election of remedies — what constitutes — action against members of copartnership — one partner not served — first trial was on theory of tort — judgment was reversed by Court of Appeals and new trial granted — on present trial plaintiff waived tort, and amended complaint at trial to state cause of action on theory of money had and received — framing of original complaint and first trial did not constitute irrevocable election — plaintiff had right to waive tort and proceed on implied contract — judgment against both partners is authorized by Civil Practice Act, § 1197 — motion to strike out name of party not served and correct docket properly denied.

The plaintiff who, on the first trial of this action based on an alleged conversion of securities by the defendants, proceeded on the theory of tort and recovered a judgment which was subsequently reversed by the Court of Appeals and a new trial granted, was entitled on the present trial to waive the tort and amend the complaint at the trial so as to state a cause of action for money had and received, for the framing of the original complaint and the first trial thereunder did not constitute an irrevocable election.

Therefore, the judgment on the present trial against both partners, one of whom was not served, is proper under section 1197 of the Civil Practice Act, and the motion by the defendant who was not served to have his name and the phrase " copartners trading under the firm name and style of Grannis & Lawrence " stricken out of the judgment and the docket of the clerk of New York county corrected accordingly was properly denied.

APPEAL by the defendant, Arthur E. Grannis, appearing specially, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of November, 1924, denying his motion to strike from a certain judgment in favor of the plaintiff for $161,483.95, his name and the phrase " copartners trading under the firm name and style of Grannis & Lawrence," and accordingly amending and modifying the docket of the clerk of New York county.

First Department, February, 1926.                    [Vol. 215

*Parker K. Deane*, appearing specially for the purposes of the motion [*Royal E. T. Riggs* of counsel], for the appellant.

*Satterlee & Canfield* [*George F. Canfield* of counsel; *George Gordon Battle* and *R. Randolph Hicks* with him on the brief], for the respondent.

CLARKE, P. J. This is an action against the firm of Grannis & Lawrence, composed of the defendant Arthur E. Grannis and Robert C. Lawrence, general partners, and William C. Langley, special partner. The action against William C. Langley was dismissed, it having been established on a separate trial that he was a special partner, and so not a proper party to an action against his firm. (See Partnership Law of 1919, §§ 96, 97, 98.)* Arthur E. Grannis was and is a resident of Massachusetts and was not served with process.

Upon a former trial of this action the plaintiff obtained a judgment in the sum of $149,232.37, which was entered in the following form: "Adjudged that the plaintiff, Benjamin R. Kittredge, recover of the defendants Arthur E. Grannis and Robert C. Lawrence (Grannis not being summoned), copartners trading under the firm name and style of Grannis & Lawrence, the sum of $149,232.37, found by the jury, with $161.36 costs as tax, amounting in all to $149,393.73, and have execution accordingly."

The defendant Grannis, appearing specially, then moved to strike his name from the judgment, to strike out the phrase "copartners trading under the firm name and style of Grannis & Lawrence," and to amend the docket accordingly. That motion was denied at Special Term and an appeal was taken to this court which unanimously reversed the order and granted the motion, the opinion being written by Mr. Justice GREENBAUM, reported in 200 Appellate Division, 478. This court said:

"The complaint states two causes of action seeking the same relief. The significant allegations in the first cause of action are that plaintiff was the owner of ninety-five bonds of various named railroads; that on the 23d day of April, 1908, ' the defendants above named ' without the knowledge or consent of the plaintiff, wrongfully, unlawfully and fraudulently took into their possession the said bonds, then the property of the plaintiff, and without his knowledge or consent sold said bonds to persons unknown to him and appropriated and converted said securities to their own use.

"In the second cause of action plaintiff alleges the deposit on

---

*Since repealed and added as Partnership Law, art. 8, §§ 96, 115, by Laws of 1922, chap. 640, known as the Uniform Limited Partnership Act.— [REP.

or about the 10th day of April, 1908, of the securities hereinbefore described, with a firm known as Coster, Knapp & Co., upon the understanding that they were to be sold by them ' as and when directed so to be sold  *  *  *  which agreement has ever since remained without change or modification in full force and effect; ' that ' on or about the 23d day of April, 1908, the said Coster, Knapp & Company, without further or other instructions or authority from plaintiff and without his knowledge or consent, wrongfully, unlawfully and fraudulently converted and appropriated said securities to their own use ' by pledging them ' with the defendants above named as security for loans and advances of money made by the defendants to the said Coster, Knapp & Company, of all of which defendants then and there had knowledge.'  *  *  *  The case thereafter went to trial as an action in tort against the partners and after rendition of the verdict in favor of the plaintiff the trial court directed the entry of the judgment as above quoted. The contention of the respondent is that the fraudulent acts alleged and proved may be regarded as evidence of an indebtedness upon the theory of an implied contract, thus justifying the form of judgment prescribed by section 1932 of the former Code of Civil Procedure  *  *  *.

" The learned trial justice in directing the entry of the judgment recognized that there was no specific provision of law authorizing such a form of judgment in an action in tort, but held that by parity of reasoning the same course should be followed as though the action were based upon a contract. The effect of the judgment as it now reads would be to enable the plaintiff to satisfy the judgment out of the firm property. The transaction as alleged in the complaint was not one arising from any contractual relationship between the plaintiff and the firm of Grannis & Lawrence. The plaintiff's contractual relations were with the firm of Coster, Knapp & Co., which it is alleged fraudulently converted the bonds of the plaintiff and delivered them to Grannis & Lawrence with knowledge of the fraud and of the fact that Coster, Knapp & Co. had no title to the securities.

" The case was unquestionably tried against the individual defendants as joint tort feasors upon the theory of fraud without the slightest intimation or suggestion that the copartnership of Grannis & Lawrence was liable to plaintiff as a debtor under an implied contract.  *  *  *

" There can be no doubt that section 1932 of the Code * is not applicable to a judgment arising out of the tort of a partner for whose wrongful acts the partnership would be liable."

* Now Civ. Prac. Act, § 1197.— [REP.

The order was reversed and the judgment was amended by striking therefrom the name of Arthur E. Grannis and the phrase " copartners trading under the firm name and style of Grannis & Lawrence." Upon appeal to the Court of Appeals the order of this court was unanimously affirmed without opinion (234 N. Y. 501). Subsequently an appeal from the judgment was taken by Robert C. Lawrence to this court, where it was unanimously affirmed without opinion (204 App. Div. 870). On appeal to the Court of Appeals the judgment was reversed and a new trial ordered (236 N. Y. 375).

Upon the second trial, after the opening to the jury by counsel and before any testimony was taken, counsel for the plaintiff stated: " Before asking the first question, your Honor, I wish to make this statement. Yesterday, Mr. Gannon, the counsel for the defendant here, stated to the jury while they were being selected, that if we got a judgment in this case, it would put Lawrence in jail, and hold him there indefinitely. I wish to state now that the facts alleged in this action set out not only a tort, but an implied promise to pay, and that we will rely on the implied promise and ask for judgment in contract. Mr. Van Alstyne: Do I understand that counsel is electing to sue on contract? Mr. Hicks: An implied promise to turn over the proceeds. Mr. Van Alstyne: * * * I object to any such election being made at this time. The case has been tried before and the theory of the case has been passed upon by the Appellate Division as to the nature of the complaint, and I move that the remarks of counsel be stricken from the record as prejudicial to the defendant's case."

At the conclusion of the defendants' case after all the testimony had been received and both sides had rested, counsel for plaintiff said: " Now if your Honor please, as we stated at the outset, we wish to try this case on the theory of obligation on implied contract to account for the proceeds of this stolen property. The defendants have not contended that any of the evidence offered was incompetent within the issue presented by that claim. Their objection was very broad. Their objection No. 2 included almost everything, but it did not include that. The complaint, in our judgment, sets out a cause of action, either for the conversion of the bonds or for the proceeds of those converted bonds. The complaint alleges that the bonds were converted by the defendants, and that they sold them, and the defendants have themselves proved that they did sell them, and proved the amount of money that they received. As a matter of substantive law, we are entitled to those proceeds if they were not innocent purchasers for value of the stolen property, and we think, therefore, that if we go to the jury upon that contention which limits the

plaintiff to a judgment against the firm, a responsible firm, that we can do so under the pleadings as they now stand. Our position is that Mr. Kittredge does not want to arrest anybody, and does not want to send anybody to jail. He simply wants to recover for his losses, and recover the proceeds of a portion of the stolen property from the firm which received those proceeds and got the benefit of it, but to remove any possible contention of ambiguity, we think that it is within your Honor's power to permit us to add just a few lines to Paragraph 3 of the first cause of action, to add these words, ' and the proceeds received from the sale thereof amounting to the sum of $82,281.25, which sum, together with interest thereon, the defendants now hold for and to the use of the plaintiff, and for that sum the defendants are now jointly indebted to the plaintiff.' And then amended the prayer for judgment so as to ask specifically for this amount of $82,281.25 with interest as computed, amounting to $78,460.64, or a total of $160,741.89."

The defendant Lawrence objected to the motion to amend the complaint and took an exception. Thereafter the jury brought in a verdict for the plaintiff. Counsel for plaintiff moved that the judgment be entered against the firm of Grannis & Lawrence. The court granted the motion and the defendant Lawrence took an exception.

The learned court in its charge to the jury said: " The plaintiff brings this action to recover from the defendants the sum of $82,281.25, with interest thereon from May 4, 1908, amounting to $78,460.64. In all, the plaintiff asks for a verdict at your hands of $160,741.89. This amount represents the proceeds in the hands of the defendants, of certain negotiable bonds, claimed by the plaintiff to be his property. The plaintiff asserts that the defendants wrongfully came into possession of the bonds, wrongfully sold them, and ever since have kept their proceeds and now hold them for the use of the plaintiff, and are jointly indebted to the plaintiff in the sum which I have mentioned."

After the jury had retired the following occurred: " Mr. Gannon: I have just learned from the stenographer that the summations yesterday were taken down and that they are a part of the record. Is it too late now for me to record an exception to the summation, and the character of the summation that Mr. Hicks employed in the case? He claimed all the way through that he was going to rest upon an implied contract. That is the theory of his case, and that is the theory upon which your Honor is holding the partnership. On the other hand, his entire summation was a charge of dishonesty against Lawrence. I do not think that was

a fair summation on his theory of the case.   The Court: No objection was taken to it at the time.   Mr. Gannon: I did not know it was a matter of record; it seldom is.   I am informed it was taken at Mr. Hicks' request.   It is a matter of record, and I except to it and I move for a mistrial.   The Court: Motion denied. Mr. Gannon: Exception."

In the original complaint the action was clearly in conversion and the prayer for judgment was for the reasonable value of the securities alleged to have been converted, for the sum of $84,200 with interest.   By the amendment made upon the trial the respondent claims that the cause of action was changed and the trial proceeded upon the doctrine of a waiver of the tort and the substitution of an action upon the implied contract, and the recovery asked was for the actual proceeds of the sale amounting to $82,281.25, which sum together with interest thereon the defendants now hold for and to the use of the plaintiff, and for that sum the defendants are now jointly indebted to the plaintiff, and by reason of the amendment the case comes within the provision of the Code which permits judgment to be entered against the unserved partner in an action on contract to be collected out of partnership funds.

In *Rothschild* v. *Mack* (115 N. Y. 1) PECKHAM, J., said: " It is impossible to escape the conclusion that a gross fraud was perpetrated upon the plaintiffs by the firm of Rindskopf Bros. & Co., in the transaction which led to their obtaining on the eve of their failure from the plaintiffs, by reason of the note in question, the sum of nearly $5,000.   *   *   *   It thus appears that the defendant's assignors procured from the plaintiffs' firm nearly $5,000, by reason of false and fraudulent representations relied on by the plaintiffs. *   *   *   An action in the nature of an action of assumpsit lies against one who has obtained money from another by a fraud, and such a claim is a proper subject of set-off in an action brought by the party against whom it exists.  ·*   *   *   This money thus obtained is, in contemplation of law, money received for the use of the party who is defrauded, and the law implies a promise on the part of the person who thus obtains it to ,return it to the rightful owner.   The tort arising from the manner in which the money was obtained may be waived and the action founded upon the implied contract.   *   *   *   This cause of action (the tort being waived) was on contract, and it existed the moment the assignors obtained the money from the plaintiffs   *   *   *.   Upon the ground of the existence of a cause of action on contract against the defendant's assignor at the time of the assignment, we hold the case was a proper one for a set-off."

*People* v. *Wood* (121 N. Y. 522) involved the propriety of an

order of reference which could only be granted in an action *ex contractu*. The action was to recover from the county clerk moneys misappropriated. RUGER, Ch. J., said: " The mere inspection of the complaint shows that the action is based upon contract alone. It does not state any other cause of action in legal phrase, and does state facts uniformly classified as constituting a cause of action *ex contractu*. (*People* v. *Fields*, 58 N. Y. 491; *Bd. of Supervisors* v. *Ellis*, 59 id. 620; *Britton* v. *Frink*, 3 How. Pr. 102.) It nowhere alleges fraud, deceit or misrepresentation, as constituting the basis of the action, in such terms as enables the plaintiffs to recover therefor; but the gravamen of the complaint is the receipt, possession and detention of money by the defendant, which he unjustly refuses to pay over. It does not ask for damages as the consequence of a tort, but demands a liquidated sum upon the ground of a contract liability, and unless such a cause of action is proved the plaintiffs will fail in their action. It alleges all of the facts necessary to constitute a good cause of action in assumpsit for money had and received for the use and benefit of its owners, and such actions have been designated from time immemorial in the law as actions *ex contractu*. * * * Even if, upon the facts alleged, a cause of action in tort might be spelled out from the language of the complaint, it is established by ample authority that it is still optional with the injured party to waive the tort and rely upon assumpsit, if he chooses to do so where the facts authorize such an action. (*Goodwin* v. *Griffis*, 88 N. Y. 629; *Rothschild* v. *Mack*, 115 id. 1.) The right of the plaintiffs to waive their cause of action in tort and found their right to recover upon contract, whether express or implied, is unquestionable, and there is no power either with the defendant or in the court to compel them to proceed upon the tort. * * * The argument that this action is not founded on contract is sought to be supported by the suggestion that there is some difference between express and implied contracts. We are not referred to any authority holding that there is any such difference in respect to the power of the court to order a reference and we do not believe that any such difference exists in principle."

In *France & C. S. S. Corp.* v. *Berwind-White C. M. Co* (229 N. Y. 89) the certified question to the Court of Appeals was: " Have causes of action been improperly united in the amended complaint herein, by uniting a cause of action for fraud, inducing the making of a contract, with a cause of action for the breach of such contract? "

The court said: " The majority opinion [of the Appellate Division] holds that the first cause of action is an action in tort and that this cannot be united with an action upon the contract in the same complaint. * * * The Code section cited (Sec. 484,

32

subd. 9) * provides that causes of action may be united even though one be in tort and one on contract, if they arise out of the same transaction."

In *Sommer* v. *Ehrgott* (193 App. Div. 663) Jenks, P. J., said: " The appellant's contention that there is a misjoinder of a cause for breach of contract and a cause for fraudulent inducements to the contract, is put upon the authority of *Edison Electric Illuminating Co.* v. *Kalbfleisch Co.* (117 App. Div. 842) and like cases. It cannot prevail now, in view of *France & C. S. S. Corp.* v. *Berwind-White C. M. Co.* (229 N. Y. 89)."

In *Conaughty* v. *Nichols* (42 N. Y. 83) the complaint alleged that the defendants sold the goods and although the plaintiff demanded the proceeds of the sale defendants refused to turn them over but converted the same to their own use. The complaint contained no allegation that the defendants had committed a breach of contract. At the trial the plaintiff asked for leave to amend the complaint by striking out the allegation as to the conversion, and he insisted that the action was upon contract. The referee refused to allow the amendment on the ground that it would change the form of the action from tort to contract. Upon appeal the decision was reversed, the Court of Appeals holding: " A complaint containing a statement of facts constituting a cause of action on contract, sustained by proof of such facts upon the trial, authorizes a recovery, although the complaint is in form for a conversion, and the summons in the action is for relief."

In *Schenck* v. *State Line Telephone Co.* (238 N. Y. 308) plaintiff sold real estate to defendants, induced thereto by representations charged to have been fraudulently made. Cardozo, J., said: " In June, 1922, he began an action at law against the corporation and its agents to recover damages for the fraud. In the following October, after service of the defendants' answer, which set up with other defenses the six-year Statute of Limitations, he discontinued the action for damages, though not till the cause had been placed upon the calendar for trial. He then began this suit in equity for a judgment of rescission with a re-conveyance of the land and an accounting for the profits. * * * In equity the right of action accrues upon the discovery of the facts constituting the fraud. The defendants now move for judgment on the pleadings. Their position is that the sale has been irrevocably affirmed. They argue that this result must follow whether the plaintiff's disability to rescind is to be traced in its origin to an election of remedies or to a choice between substantive rights by ratification or adoption. * * *

---

* Now Civ. Prac. Act, § 258, subd. 9.— [Rep.

" An election of remedies presupposes a right to elect.   *   *   * It ' is simply what its name imports; a choice, shown by an overt act, between two inconsistent rights, either of which may be asserted at the will of the chooser alone.'   *   *   * If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed.   *   *   *

" The plaintiff thought he had a remedy at law, and so thinking sued for damages.   In truth he had no such remedy, for, irrespective of his knowledge of the fraud, his right of action for damages had been barred by lapse of time.   The defendants have blocked his recourse to a remedy which he had not.   They now say that because of his mistake, he must be held to have renounced forever the remedy he had.   ' There would be no sense or principle in such a rule.'   (HOLMES, J., in *Snow* v. *Alley*, 156 Mass. 193, 195.) "

In *Miller* v. *Schloss* (218 N. Y. 400) COLLIN, J., discussing the implied contract, said: " A quasi or constructive contract rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.   In truth it is not a contract or promise at all.   It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it, and which *ex æquo et bono* belongs to another.   Duty, and not a promise or agreement or intention of the person sought to be charged, defines it.   It is fictitiously deemed contractual, in order to fit the cause of action to the contractual remedy."

In the case at bar we have an established case of unlawful enrichment.   The original complaint sounding in conversion, it was determined, by reason of the fact that the defendant Grannis had not been served, satisfaction could not be obtained from his share of the partnership property.   By the reversal of the entire judgment by the Court of Appeals and the ordering of a new trial the case comes again before the court *de novo.*   That the framing of the original complaint did not constitute an irrevocable election is supported by the reasoning in *Schenck* v. *State Line Telephone Co.* (*supra*).   Upon the trial the complaint was amended.   The right to arrest was waived and abandoned.   The remedy now demanded is not damages for the tort, but is limited to the actual amount received, namely, the amount received for the securities unlawfully disposed of, that is, the amount of an unlawful enrichment obtained by the defendants.

To this complaint as so amended can be applied the language

of the Court of Appeals in *People* v. *Wood* (*supra*): " It alleges all of
the facts necessary to constitute a good cause of action in assumpsit
for money had and received for the use and benefit of its owners
and such actions have been designated from time immemorial in
the law as actions *ex contractu*. * * * The right of the plain-
tiffs to waive their cause of action in tort and found their right to
recover upon contract, whether express or implied, is unquestionable,
and there is no power either with the defendant or in the court
to compel them to proceed upon the tort."

The order appealed from should be affirmed, with ten dollars
costs and disbursements.

DOWLING, MERRELL, McEVOY and BURR, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.