HENRY GLICMAN, Respondent, v. BARKER PAINTING COMPANY, Appellant.

First Department, January 10, 1930.

*M. Carl Levine*, for the appellant.

*Morris Hillquit*, for the respondent.

McAvoy, J. The Brotherhood of Painters, Decorators and Paper Hangers, a national labor union, has a provision in its constitution known as section 132, which prescribes that its general executive board shall not be invested with power to force an employer to bring men from one city to work in another city, if union men can be procured in such city where the work is to be done. It further provides that the conditions in such localities shall be strictly adhered to, " the shorter work-day and the higher scale of either locality to prevail in all cases."

The plaintiff here is the assignee of some fifty-one painters for the balance of wages for work performed for the defendant as journeymen painters in the city of Philadelphia. The balance arises from an agreement made by the union with the defendant that the union members employed by the defendant on its Philadelphia job would continue working at the Philadelphia scale of wages, which was eight dollars per day, pending a decision on certain cases which were then in court, in which the defendant Barker Painting Company was the plaintiff, and the union and themselves defendants. It was set out in that agreement that if the union succeeded in the aforementioned action now in court, the defendant would pay to the painters employed by it the amount equal to the difference between the sum paid to the said journeymen and the prevailing rate of wages in New York city during the period of such employment.

The defendant prepared this agreement in New York, and delivered it to the union's district council in Philadelphia through the mails.

Thereafter the union action which was pending in the District of Columbia was decided. It was brought to restrain the brotherhood and its local unions in Washington from enforcing the provision quoted above in the union's constitution, by which an employer from one locality who carried on work in another place was required to pay the highest scale of wages prevailing in either of the two localities. The sole issue in that suit was whether or not such provision in the constitution was legal and valid; whether it discriminated against any particular person or place, and whether it was unreasonable, arbitrary or oppressive. Such issue was resolved in favor of the Brotherhood of Painters, Decorators and Paper Hangers, and it was determined that the law gave the defendant (plaintiff's assignors) the right to sell their labor to whomsoever they might desire, and that they might make any rules or regulations providing for what they deemed to be an economic advantage to themselves. (See *Barker Painting Co.* v. *Brotherhood of Painters, etc.*, 23 F. [2d] 743.)

Thus, under the provisions of the agreement, upon the decision of the court — and appeals thereunder proving futile — the plaintiff's assignors employed by the defendant became entitled to the difference between the local rate in Philadelphia of eight dollars per day, and the prevailing rate in New York at ten dollars and fifty cents per day. The sum is a conceded amount, and the judgment follows the concession.

The defendant now contends that the agreement sued on here was procured by duress, and that the question as to whether it was so procured should have been submitted to the jury. It also raises the point that section 132 of the constitution of the brotherhood, which gave rise to the dispute between the parties, is illegal and void.

There was no duress here even upon defendant's officers' testimony as to the negotiations with the local union which led up to the making of the agreement. There was a voluntary submission to the demands of the union that its members be paid at the prevailing rate of wages in the locality from which the employer came. It was not even a direct demand that this should be done forthwith, with a threat of calling a strike in the event that the demand was not complied with by the employer. It was a simple arrangement between the parties to obviate such strike until the clause in the constitution of the brotherhood was interpreted in a then pending suit, and it had no more duress in its inception, or the consent to its execution than has any requirement by a union that specific wages be paid or specific hours of work be enforced, or specific employees be excluded, as a condition of the union's members performing services or work on a job. That defendant would have preferred to get its work done at the Philadelphia scale of wages, and that it made a contract with the workers through their union because they refused to proceed with their work without this concession, does not constitute duress beyond that which accompanies ordinary bargaining for wages between employer and employee which results in some compromise between them as to a sum to be paid.

To warrant the conclusion that there was any duress here there must be some evidence of compulsion, " actual, present or potential." The business necessities of the defendant do not alter the voluntary character of its act.

Under these rules there was no issue of fact to be submitted to the jury on the issue of duress. The facts are not disputed, and the question whether admitting them all they amounted to duress was a pure question of law upon which the court was authorized to pass. The section of the constitution of the brotherhood having been held to be within the authority and compass of the union's

rights to enforce, and the defendant having agreed upon this condition to pay the sum in dispute, and no compulsion other than common bargaining requisite to secure employees work and services having been found to exist, the judgment was properly given for the assignee. All the painters who carried out their work did so under the promise of enhanced compensation upon the condition being fulfilled.

The judgment should be affirmed, with costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment affirmed, with costs.