**PUBLIC FINANCE CORPORATION, Plaintiff-Appellee, v. BARNES et, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24990.   Decided March 18, 1960.

H. C. Steglat, for plaintiff-appellee.
Dachman & Dachman, for defendant-appellant.

(HUNSICKER, PJ, of the Ninth District, GRIFFITH, J, of the Seventh District, McLAUGHLIN, J, of the Fifth District, sitting by designation in the Eighth District.) .

## OPINION

By GRIFFITH, J.

This is an appeal from a judgment of the Municipal Court of Lakewood dismissing the defendant's petition to vacate a judgment against him on a cognovit note, theretofore rendered in that Court on August 18, 1958.   He alleges that a judgment by confession was rendered on the selfsame note in the Municipal Court of Cleveland on the 22nd day of July, 1958; that fraud was practiced by the plaintiff in obtaining judgment by confession in the Municipal Court of Lakewood, and asks the Court to vacate the judgment and permit the defendant to answer and file a cross-petition.   Plaintiff filed its answer denying fraud and denying generally the defendant's claims and praying for a dismissal of the defendant's petition.

We have no oral testimony before us.   Since there is no bill of exceptions, the only evidence before us is in the form of documentary exhibits and the note itself.   The transcript reveals that on June 26, 1959, the following entry was made:

"Parties in court. Hearing had on petition to vacate. Petition denied.

"Defendant excepts. Order see journal

"Volume 9, page 323,

"Stephen H. Hazelwood, Judge."

It is from this judgment, as revealed by this journal, that the appeal is before this Court on questions of law. The law in Ohio is well settled that a warrant of attorney to confess judgment on a promissory note must be strictly construed. **Spruce v. Ermine, 46 Oh St 433, Haggard v. Shick, 151 Oh St 535.**

After a judgment has once been confessed under warrant of attorney, the power of attorney has been deprived of life and, thereafter, neither the Court nor the attorney can give validity to the exhausted power. Mars National Bank v. Hughes, 86 Atlantic 1130; 243 Pa. 223; Allport v. Meutsch, 166 Ill. App. 172. In the instant case, it appears that the Cleveland Municipal Court entered judgment by confession under the warrant of attorney on July 22, 1958. On August 16, 1958, the Cleveland Municipal Court made the following entry: "Cancellation of note held for naught," after having dismissed the case on plaintiff's application.

On August 18, 1958, the plaintiff, by using the warrant of attorney, again obtained judgment in the Municipal Court of Lakewood. The face of the note revealed that judgment had been entered on that note by the Municipal Court of Cleveland at the time it was presented to the Lakewood Municipal Court.

We are not impressed with the reasons given by counsel for the plaintiff why plaintiff, after obtaining judgment in the Municipal Court of Cleveland and after that Court had granted leave to the defendant, maker of the note, to file answer and cross-petition, paid up its costs in the Cleveland court, dismissed its action and took its note to the Lakewood Municipal Court, where it commenced anew its action in that court, without notice to defendant-appellant, on the same instrument. The warrant of attorney conferred no authority to confess judgment against the maker of the note a second time in favor of the payee.

Clearly, the plaintiff had a right to dismiss its proceedings in the Cleveland Municipal Court, where it had obtained a judgment by confession on its note, which had a warrant of attorney attached. It had obtained a judgment in that Court by the use of this power of attorney authorizing it to take such judgment.

Having used the power of attorney once in the Cleveland Municipal Court, it devitalized the power of attorney. Neither plaintiff nor the Municipal Court of Lakewood, nor any other Court, could revitalize that power. The Lakewood Municipal Court was powerless to enter judgment on the note by confession, and its judgment is void ab initio.

Defendant entered his appearance generally in the Lakewood Court by the filing of his petition, but that later appearance could not, and did not, validate the void judgment. The Trial Court in this case never did enter a judgment on the note after its original judgment by confession.

Perhaps the Court assumed that its judgment was voidable and not

void; if such was the case, the Court, in dismissing the defendant-appellant's petition, was guilty of a gross abuse of discretion. For these reasons, the order overruling the defendant-appellant's petition to vacate the judgment is reversed, and the cause remanded for further proceedings according to law.

Judgment reversed.

HUNSICKER, PJ, McLAUGHLIN, J, concur.