ALICE LUBOCH, Plaintiff, *v.* SIDEY'S, INC., Defendant.

Supreme Court, Special Term, Chautauqua County, July 30, 1962.

*Hurlbert & Aular* (*William B. Aular* of counsel), for defendant. *Sullivan & Snyder* (*Clarence H. Snyder* of counsel), for plaintiff.

MATTHEW J. JASEN, J. Defendant moves for summary judgment to dismiss the complaint herein on the ground that no bona fide issue of fact is raised.

Plaintiff brought an action to set aside a confession of judgment in the sum of $5,347.38, filed in Chautauqua County on June 1, 1961.

The judgment entered by confession was based upon the following statement, dated May 8, 1961, signed by plaintiff:

"This confession of judgment is for a debt justly due and owing to the plaintiff arising upon the following facts:

"Over a period of four years last past, while in the employ of the plaintiff as a salesclerk, I have converted and appropriated to my own use from time to time money from the sales of plaintiff's merchandise to customers in the total sum of no less than $5246.00; in addition thereto, I owe to plaintiff on open account for merchandise purchased the further sum of $101.38, making a total of $5347.38, which I have promised to repay."

The plaintiff's first contention is that a confession of judgment for a tort is not authorized, and therefore, must be vacated.

It is clear that section 540 of the Civil Practice Act relating to the entry of judgment by confession, does not provide for any thing other than " money due or to become due, or to secure a person against contingent liability in behalf of the defendant ".

However, it seems also clear to the court that where an election of remedies is available to a creditor, at least in cases involving conversion, the creditor may waive the tort and proceed as though the claim were based upon a simple debt or implied contract. (*Kittredge* v. *Grannis,* 215 App. Div. 491, revd. on other grounds 244 N. Y. 182.)

It would also seem that plaintiff's statement confessing judgment is, to the extent that it sets forth the commission of a tort, mere surplusage, adding nothing to the effect of the judgment. (*Franklin* v. *Muckley,* 189 Misc. 155.)

While it has been held that a confession of a judgment for a tort is not authorized, the court in *Seneca Falls Firemen's Assn.* v. *Irland* (100 N. Y. S. 2d 502, affd. 277 App. Div. 1016 [4th Dept.]) directly in point, said: " I do not understand, nor can I believe, that our laws or our courts by their interpretation of them have created a situation whereby a person, who has been deprived of his property by the felonious act of another, may be deprived of the right to take security (as here by a confession of judgment) to insure full or satisfactory indemnity to himself."

There remains now for the court to pass on the second contention of the plaintiff, to wit, that she was subjected to duress or undue influence at the time when she executed the confession of judgment.

This court has carefully considered the extensive affidavits and the pleadings submitted upon this motion and finds no showing by the plaintiff which would entitle her to a trial on the question of duress or undue influence.

It is well-settled law that for the confession of judgment herein to be invalid, the plaintiff must show that she was under duress, coercion or undue restraint at the time when she signed the

confession of judgment to warrant such a conclusion. There must be some evidence of compulsion " actual, present or potential." (*Glicman* v. *Barker Painting Co.*, 227 App. Div. 585, 587.) With respect to the *actual* signing of the confession of judgment and *all other matters* which took place during the afternoon of May 8, 1961, none are in dispute since the plaintiff states that she does not recall the events which took place during the afternoon of said date. The plaintiff has failed to come forward with any evidentiary facts which would invalidate the execution of the confession of judgment. She has merely stated that she does *not recall* the events, a subjective state of mind which could never be contradicted and which does not constitute duress, coercion or undue influence.

Accordingly, no bona fide issue of fact is raised by the plaintiff. (*Matter of White*, 182 Misc. 223, 229, affd. 268 App. Div. 759.)

The plaintiff in her memorandum of law relies on *Granville* v. *Gratzer* (281 App. Div. 514) and *Franklin* v. *Muckley* (189 Misc. 155, *supra*). The judgment of confession was not set aside in these cases as plaintiff claims, instead an execution against the person was involved in each instance and the courts held that a body execution is not available to a creditor when judgment has been entered by confession.

Defendant's motion for summary judgment dismissing the complaint herein should be granted.