ANNABELLE GIRYLUK, Respondent, *v.* WILLIAM GIRYLUK, Appellant.

First Department, April 30, 1968.

*Bernard J. Coven* for appellant.

*Jack S. Dweck* for respondent.

*Per Curiam.* In this action brought to set aside a confession of judgment in the sum of $30,000 executed by the plaintiff and her estranged husband in favor of her father-in-law, William Giryluk, the latter appeals from a judgment entered after trial at Special Term holding that the signing of the confession of judgment was not the plaintiff's voluntary act and that, accordingly, the judgment entered upon the confession must be vacated.

Underlying the Trial Justice's conclusion is the stated premise that courts should adopt a liberal attitude towards vacating a judgment by confession. But in exercising such liberality in assessing an attack by a judgment debtor upon a judgment by confession, we must, nevertheless, not lose sight of the fact that such a judgment has all of the qualities, incidents and attributes of a judgment on a verdict, including a presumption as to its validity. The judgment debtor must sustain the attack on the judgment by a preponderance of clear, positive and satisfactory evidence. This burden the plaintiff failed to meet. That there was a " sharp conflict in the testimony " concerning the signing of the confession is not sufficient to establish plaintiff's claims that she did not understand the significance of the document

and that it was executed as a result of overreaching, undue influence and violation of the trust and confidential relation which the plaintiff enjoyed with the defendant William Giryluk.

The plaintiff signed not one but two confessions or affidavits of confession of judgment on December 21, 1964. On one of these, the plaintiff's signature appears twice, the second signature being printed in accordance with the instructions in minute type appearing on the form. Both instruments bear the signature of Amelia Bellavia, plaintiff's tenant, who was summoned to act as a witness. Mrs. Bellavia was called to the plaintiff's apartment when still a third document, an acknowledgment of indebtedness signed by the plaintiff and her husband, was said to be " not legal " because it had been witnessed by the plaintiff's two minor sons. All three instruments bear the signature of plaintiff's disaffected husband, John Giryluk. The placement of the signatures of the plaintiff, Mrs. Bellavia and John Giryluk indicates the latter was present on the evening in question, belying plaintiff's testimony that John was not in the home.

The confessions of judgment were witnessed later that evening by a neighborhood notary public who testified that the signatories appeared before him and that he appended his signature and seal to the document. The plaintiff denied that she had ever appeared before a notary, in contradiction to the testimony of that individual as well as the testimony of four others who testified to attending at the notary's office. Plaintiff denied too (consistent with her story that on the evening of December 21 she was in a hysterical condition and in no position to understand the nature of the papers presented to her) that she had ever signed another paper in favor of her father-in-law. Nevertheless, she admitted that her signature, with that of her husband's, appeared on a deed to her premises dated January 4, 1965. This instrument too was witnessed by the same notary who notarized the confessions and he testified that the same group of people appeared before him on the later date.

We are satisfied that the plaintiff was well aware of the import of her obligation. Her evidence was neither clear, positive nor satisfactory that the signing of the confession was an involuntary act on her part. The record is bare, moreover, of any breach of a trust relationship between the parties. The plaintiff's father-in-law, the appellant, is a retired tailor, 74 years of age, unable to read or write the English language. There was no evidence of compulsion, " actual, present or potential," to warrant the conclusion that this elderly man exerted undue influence over his plaintiff daughter-in-law. (*Glicman* v. *Barker Painting Co.*, 227 App. Div. 585; *Luboch* v. *Sidey's Inc.*, 35 Misc 2d 410.)

The findings of the trial court to the contrary are clearly against the weight of the evidence.

The affidavit of confession signed by plaintiff complies with the statutory requirements (CPLR 3218). While a strict compliance must be shown with the provisions of a statute providing for a judgment of confession without action, any alleged deficiency in the statement of confession is not available to the plaintiff. CPLR 3218 is intended to protect creditors of a defendant from judgments entered on confession by collusion. (*Magalhaes* v. *Magalhaes,* 254 App. Div. 880; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3218.03.) In determining whether the statement is sufficient, nevertheless, it is not to be interpreted in a captious spirit, but is to be deemed sufficient if it adequately sets out the facts out of which the debt for which judgment is confessed arose. (*Rae* v. *Hotel Governor Clinton,* 22 A D 2d 783.)

Under the provisions of CPLR 5522, we should, on the appeal from a judgment rendered by the court without a jury, unless we affirm, grant the judgment which the court below ought to have granted (*Society of N. Y. Hosp.* v. *Burstein,* 22 A D 2d 768). Accordingly, the judgment entered December 7, 1967, vacating judgment by confession entered against plaintiff and vacating execution and levy issued thereon, should be reversed on the law and on the facts and the complaint should be dismissed, without costs or disbursements. Findings of fact and conclusions of law inconsistent herewith should be reversed. Settle order on notice.

McGIVERN, J. (dissenting). I dissent. This case singularly turns upon a determination of a factual question. Credibility is the dominant issue. The Trial Justice has made specific findings, to the effect that the plaintiff wife was overborne by her relatives, taken advantage of, signed a paper in a mistaken belief as to its character, at a time of great stress — and as the trier of the facts, he has found her worthy of belief and he has granted her the equitable relief she sought. There is nothing bizarre about his conclusions. They are not at all disassociated from the evidence. To the contrary, the Trial Justice herein has set forth the reasons for his conclusions and disclosed his mental processes in a credible, logical and indeed, a cogent opinion. For this court to reverse his judgment and dismiss the complaint, because we would differently interpert the record, seems to me a usurpation and an eradication of the functions of the Trial Justice. He was there. It was his unique office, not that of an appellate tribunal, to weigh the evidence, perceive and appraise the conflicts, and judge the credibility of the witnesses. All this he has done, in an astute and creditable manner, free

of error. Because the majority would arrive at a factual conclusion antithetical to his, is not reason sufficient for the extreme action taken. I disagree — and I would affirm.

STEVENS, J. P., STEUER, TILZER and RABIN, JJ., concur in Per Curiam opinion; McGIVERN, J., dissents in opinion.

Judgment vacating the judgment by confession entered against plaintiff and vacating execution and levy issued thereon, reversed on the law and on the facts and the complaint dismissed, without costs or disbursements. Findings of fact and conclusions of law inconsistent herewith are reversed. Settle order on notice.