116

In the Matter of JOSEPH GOLD, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, May 22, 1969.

*Angelo T. Cometa* (*Edward C. Walsh* of counsel), for petitioner.

*Julius A. Itzkowitz* for respondent.

*Per Curiam.* Respondent was admitted to practice by the Second Judicial Department in December, 1950. In this proceeding brought by the Co-ordinating Committee on Discipline of the Association of the Bar of the City of New York, New York County Lawyers' Association and the Bronx County Bar Association, he is charged with eight specifications of professional misconduct, as hereinafter referred to. The Referee, to whom the matter was referred for the taking of testimony and the rendering of a report, has found that all the charges were duly sustained with the exception that he found Charge No. 6 sustained only in part as hereinafter stated. The petitioner's motion to confirm the Referee's report is in all respects granted and the motion by respondent for an order disaffirming

the report of the Referee insofar as he sustains the charges and for a dismissal of the charges, is denied.

The charges, as sustained, and the evidence in support thereof, establish (1 to 5) that the respondent was guilty in five instances of gross neglect in connection with the prosecution of personal injury claims with the result that, in four of the cases, actions brought in behalf of his clients were dismissed for lack of prosecution; (6) that covering a period from November, 1962 to September, 1966, he violated rule IV (subd. [4], par. [a]) of the Special Rules Regulating Conduct of Attorneys (22 NYCRR 603.4 [d]) by failing to maintain a proper special bank account and by commingling personal funds in the special account which he maintained; (7) that he was guilty of conversion of the funds of a client in that, on receiving the amount of the settlement of an accident claim, he deposited the same in his special account and thereafter, prior to remitting to his client, drew checks on the account so that the balance therein was at times less than the portion of the settlement payable to the client; and (8) that he failed to file closing statements in 15 personal injury cases, covering a period from July 1, 1960 to June 30, 1967, as required by rule IV (subd. [2], par. [a]) of the Special Rules Regulating Conduct of Attorneys (22 NYCRR 603.4 [b]).

The charges, as established, represent serious professional misconduct. Considering the mitigating factors in this particular case, including serious illness in his family, his co-operation with the Co-ordinating Committee and his restitution to clients for their losses, we determine that the respondent should be suspended from the practice of law for a period of one year. (See *Matter of McLaughlin,* 31 A D 2d 58.)

EAGER, J. P., McGIVERN, MARKEWICH, NUNEZ and STEUER, JJ., concur.

Respondent suspended for a period of one year, effective June 23, 1969.