COMMONWEALTH OF PUERTO RICO, Plaintiff and Appellee, *v.* ISLA VERDE INVESTMENT CORPORATION and CARIBBEAN INSURANCE COMPANY, Defendants and Appellant the latter.

No. O-68-317.        Decided January 15, 1970.

*Elmer Toro Luchetti* and *Isaías Rodríguez Moreno* for appellant Caribbean Insurance Co. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Lolita Miranda, Assistant Solicitor General,* for appellee.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The constructor of Extensión Villamar Development in Carolina committed himself with the Planning Board to undertake certain works in the said development. To guarantee the construction of those works he signed the following document:

"To assure and guarantee to the Commonwealth of Puerto Rico the performance of this obligation I will post a bond with a duly authorized insurance company, in the sum of $10,784.40 plus ten (10) percent of said amount which is considered as a penalty which added to the same amounts to $11,862.84. I bind myself and agree to pay said amount to the Commonwealth of Puerto Rico as liquidated damages in its entirety or in part thereof as necessary, as it is specified hereinafter. In this last case the sum which covers the works already performed to the satisfaction of the Planning Board will be deducted from said amount, in the event the facility(ies) and improvement(s) required above are not finished for any reason, within the period of one year as agreed upon.

"In order to determine the amount of the liquidated damages in the event the works are begun but not finished within the period of one year, I expressly authorize the Planning Board to assess the cost of the facility(ies) and improvement(s) which for any cause have not been performed including, of course, the 10 percent of the assessed cost of the works to be performed as part of the liquidated damages sustained by the Commonwealth of Puerto Rico.

"To carry out this cost estimate I agree and authorize the Planning Board to use as basis for such computation the estimate of the cost of the facility(ies) and improvement(s) made by the Board and approved by me, which appears at the beginning of this obligation, since I deem it fair and reasonable.

"I do hereby make confession of judgment without the institution of action, in the sum to which the liquidated damages may amount after being computed, as it is stated and authorized in the foregoing obligation which is made a part of this confession, in favor of the Commonwealth of Puerto Rico, plus five (5) dollars for costs, authorizing it therefore, to obtain judgment against me, for which I submit to the jurisdiction of the court which has venue on account of the amount involved, whose judgment, to all effects, will be final and unappealable. The certificate under oath of a duly authorized engineer, of the Planning Board itself, containing the facilities which are yet to be built, or provided, will be sufficient to make the necessary computation to render judgment without action. This certificate will be notified

by the Planning Board at least five (5) days prior to any action which the same may take for the recovery of any amount in favor of the Commonwealth of Puerto Rico for nonperformance of this obligation.

"This confession of judgment without institution of action which I authorize is to secure the Commonwealth of Puerto Rico against contingent liability, the facts constituting such liability being those set forth in the foregoing obligation which is made a part of this confession of judgment without institution of action, which facts establish that the sum confessed does not exceed the amount of the liability contracted, stating at the same time under oath that the facts are as they have been set forth and not otherwise.

"Likewise I bind myself and agree to waive or abandon any objection, mistake, or error which I could allege exists or could exist in this confession of judgment without action.

"This obligation will be made a part of the bond and such act shall constitute the acceptance on the part of the insurance company to answer for the faithful compliance with the same said insurance company being considered as jointly and severally bound for all legal effects."

The foregoing agreement was made a part of the bond which the contractor and the Caribbean Insurance Company as surety signed in favor of the Commonwealth of Puerto Rico.

As agreed, entry of judgment by confession was requested for the sum of $11,862.84, value of the works to be carried out in conformance with the manner agreed upon.

The Caribbean Insurance was not summoned. It appeared of record to the sole effect of challenging the court's jurisdiction.

The court dismissed the claim of the surety company and rendered judgment as requested. The surety took appeal. It maintains that a serious constitutional question is present: rendering judgment without summoning it.

Sections 358, 359, and 360 of the Code of Civil Procedure,

still in effect, establish the procedure to obtain a judgment by confession.[1] They provide as follows:

### Section 358

"A judgment by confession may be entered without action, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by this chapter. Such judgment may be entered in any court having jurisdiction for like amount."

### Section 359

"A statement in writing must be made, signed by the defendant and verified by his oath, to the following effects:

"1. It must authorize the entry of judgment for a specified sum.

"2. If it be for money due, or to become due, it must state concisely the facts out of which it arose, and show that the sum confessed therefor is justly due, or to become due.

"3. If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability, and show that the sum confessed therefor does not exceed the same."

### Section 360

"The statement must be filed with the secretary of the court in which the judgment is to be entered, who must indorse upon it, and enter in the judgment book, a judgment of such court for the amount confessed, with five dollars costs. The statement and affidavit, with the judgment indorsed, thereupon becomes the judgment roll."

These sections gather a practice consecrated in the common law. *Investors Commercial Corporation* v. *Metcalf*, 140 N.E.2d 924 (1957). It is a summary proceeding by agreement and the institutions established by the state are used to make it effective. One party confesses that it owes to another a certain amount and accepts to have judgment entered

---

[1] These provisions correspond to §§ 1132, 1133, and 1134 of the California Code of Civil Procedure and to §§ 3955, 3956, and 3957 of the Idaho Code of Civil Procedure.

against him without more. To guarantee that abuses are not committed, § 359 requires the debtor to establish under oath the facts which gave rise to the obligation. The courts require to comply strictly with the established procedure. Usually the slightest variation will invalidate it. *González* v. *López*, 46 P.R.R. 814 (1934); *French* v. *Willer*, 18 N.E. 811 (1888); *Public Finance Corp.* v. *Barnes*, 165 N.E.2d 696 (1960); *Travis* v. *Foreman*, 220 N.E.2d 648 (1966); *County National Bank* v. *Vogt*, 280 N.Y.S.2d 1016 (1967); *Giryluk* v. *Giryluk*, 289 N.Y.S.2d 458 (1968). But the law does not require, nor the due process demands that defendant be summoned before rendering judgment. He agreed to have it done in this manner. As the Supreme Court of the United States stated in *National Rental* v. *Szukhent*, 375 U.S. 311 (1964): ". . . it is settled, as the courts below recognize, that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." In *González* v. *López, supra*, we considered this procedure established by §§ 358, 359, and 360, and recognized the validity thereof. Now then, the defendant debtor is not barren of remedies. He has been awarded the right to move to set aside the judgment, although of course, the courts exercise their discretion in considering these motions.[2] See to that effect: *Frigidinners, Inc.* v. *Branchtown Gun Club*, 109 A.2d 202 (Pa. 1954); *Highway Realty Co.* v. *Blake*, 183 N.E.2d 886 (Ill. 1962); *Coon* v. *District Court In And For County of Boulder*, 420 P.2d 827 (1966).

---

[2] The procedure authorized by §§ 358, 359, and 360 may be subject to serious abuses, *Investors Commercial Corporation* v. *Metcalf*, 140 N.E.2d 924 (1957), specifically in cases of installment sales and small loans. Conscious of this fact, in New York installment sales with a value less than $1,500 were excepted from the application of provisions similar to ours. 7B McKinney's CPLR § 3201 (1963).

■ In our jurisdiction, Rule 49.2 of the Rules of Civil Procedure offers the adequate remedy to attack the validity of judgments rendered in accordance with this procedure. *Bowles* v. *J. J. Schmitt & Co.*, 170 F.2d 617 (2d Cir. 1948). *Cf. Stevens* v. *Stevens*, 74 Cal. Rptr. 54 (Ct. App. 2d Dist. 1968).

The procedure agreed upon by the parties being authorized by our legislation and since the same has no constitutional objection, it is proper to affirm the judgment rendered by the Superior Court, San Juan Part, on September 27, 1968.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Torres Rigual did not participate herein.