## (December 9, 1981)

■ In the Matter of JOSEPH GOLD, Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar on December 1, 1950 by the Appellate

Division, Second Judicial Department. In 1969, he was suspended from practice for one year by the Appellate Division, First Judicial Department (*Matter of Gold*, 32 AD2d 116). In this proceeding to discipline him for professional misconduct, the hearing Judge found that neither of the two charges of misconduct contained in the petition was sustained by the evidence. Respondent has moved to confirm the Judge's report and petitioner has filed an opposing affidavit and has cross-applied to disaffirm the report. Charge No. 1 alleges that a judgment by confession prepared by respondent and thereafter filed with the county clerk was a false and fraudulent instrument in that, while the affidavit of confession executed by the debtor stated that it was for a debt due respondent, moneys owed by the debtor to a third person were also included in the judgment. CPLR 3218 (subd [a]) provides that a judgment by confession may be entered without the necessity of an action upon an affidavit executed by the defendant stating concisely the facts out of which the debt arose and showing that the sum confessed is justly due. Here the judgment of confession was entered upon an affidavit prepared by respondent and executed by the debtor which recited that the confession was for a debt in the sum of $7,500 due respondent for legal services performed and money advanced on behalf of the debtor. The statements or information in the affidavit as to the amount and the facts giving rise to the debt are false, in part, since it is undisputed that respondent did not advance any moneys on behalf of the debtor, that the legal fees owed to respondent did not exceed $4,000 and that the additional sum of $3,500 included in the confession and judgment represented moneys that had been advanced on the debtor's behalf by attorney Alvin D. Weinsoff. Nonetheless, the hearing Judge found that respondent did not file a false and fraudulent instrument since the debtor was aware of the moneys advanced on his behalf by attorney Weinsoff and knew that such moneys were included in the judgment. In effect, the Judge refused to find that respondent filed a false and fraudulent instrument because the debtor knew that the judgment was false. We disagree. The strict requirements for entry of a judgment by confession are intended for the protection of third persons, notably other creditors of the debtor who might be prejudiced by a collusively confessed judgment, rather than for the debtor. (*Giryluk v Giryluk*, 30 AD2d 22, affd 23 NY2d 894; *County Nat. Bank v Vogt*, 28 AD2d 793, affd 21 NY2d 800; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3218:16; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3218.03.) Accordingly, we find that the judgment by confession entered by respondent upon an affidavit which contained false statements or information was a false instrument (cf. Penal Law, § 175.30), and that respondent violated DR 1-102 (A) (4) of the Code of Professional Responsibility, which provides that an attorney shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation. Charge No. 2 alleges that five months later, respondent assigned the fraudulent judgment by confession to Edna C. Bastinck, an elderly client of attorney Weinsoff,[*] for $8,000 without first satisfying himself that the assignee was a knowledgeable person acting in a prudent manner, although he was aware that it is highly unusual for anyone to pay 100% of such a judgment and that Weinsoff was not in a position to give objective counsel to the purchaser because of his interest in the judgment. In rejecting this charge, the hearing Judge found that the judgment was not false or legally questionable;

---

[*] We accepted attorney Weinsoff's resignation and directed that his name be struck from the roll of attorneys on April 24, 1981, noting his admission that he could not successfully defend himself against charges alleging, *inter alia*, that he obtained personal loans from Edna C. Bastinck, a client, and involved her in a questionable financial investment, i.e., the purchase of the judgment involved in this proceeding. (*Matter of Weinsoff*, 81 AD2d 724.)

and that although respondent was aware that Weinsoff was going to receive part of the proceeds from the assignment, he was under no duty to ascertain whether Weinsoff gave proper advice to his client or whether she was a knowledgeable person acting in a prudent manner. We disagree. In sustaining Charge No. 1 we found that the judgment was a false instrument because of the false statements contained in the affidavit of confession executed by the debtor. As such, the judgment was tainted or questionable and subject to attack by a junior judgment creditor of the debtor (see, e.g., *County Nat. Bank v Vogt, supra*). Under these circumstances, we believe that respondent had a duty to determine whether the assignee was aware of the facts surrounding the entry of the tainted judgment, including Weinsoff's interest therein. Since respondent did not, we sustain Charge No. 2 and find that respondent violated DR 1-102 (A) (4) of the Code of Professional Responsibility when he assigned the judgment to Mrs. Bastinck for full value. In determining an appropriate sanction for respondent's misconduct, we are mindful that neither Mrs. Bastinck nor her present attorneys have accused respondent of any misconduct. Therefore, we determine that the ends of justice will be adequately served in this instance by a censure. Respondent censured. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.