**In re Stuart R. ROSS, Debtor.**

**Bankruptcy No. 83 B 11757 (PBA).**

United States Bankruptcy Court,
S.D. New York.

Jan. 25, 1988.

Barrett Smith Schapiro Simon & Armstrong by Frederic W. Parnon, New York City, for Merrill Lynch Futures, Inc.

Rosenman, Colin, Freund, Lewis & Cohen, New York City, pro se.

Fox Glynn & Melamed by John Horan, New York City, for Roger L. DeVille.

Melnicove, Kaufman, Weiner & Smouse, P.A. by Ransom J. Davis, Baltimore, Md., for Richard L. Vogel and Seneca Min. Corp.

Kensington, James & Ressler, New York City, by Stuart M. Bernstein, for various petitioning creditors.

Rudolph W. Guiliani, U.S. Atty., S.D.N.Y. by Sarah Thomas–Gonzalez, Asst. U.S. Atty., New York City.

Robson & Miller by Morton Robson, Kenneth N. Miller, New York City, pro se and for W.L.W. Funding Corp.

Angel & Frankel, P.C. by Bruce Frankel, New York City, for Robson & Miller and W.L.W. Funding Corp.

Stuart R. Ross, pro se.

Harold Jones, New York City, U.S. trustee.

## MEMORANDUM DECISION RE ENTRY OF ORDER FOR RELIEF

PRUDENCE B. ABRAM, Bankruptcy Judge:

On December 11 and 18, 1987, this court held a trial on the issue of whether the debtor, Stuart R. Ross ("Debtor" or "Ross"), was generally not paying his debts. See Bankruptcy Code § 303(b)(1). The court had previously found that there were sufficient petitioning creditors. See *In re Ross*, 63 B.R. 951 (Bankr.S.D.N.Y. 1986).[1] Among the petitioners found to be eligible was Merrill Lynch Commodities, Inc. ("Merrill"). See description of Merrill's claim at 63 B.R. at 962–964. Merrill's motion to withdraw as a petitioner was denied. See 63 B.R. 962. No decision has yet been issued on the generally not paying issue.

By letter dated January 20, 1988, the law firm of Barrett Smith Schapiro Simon & Armstrong ("Barrett Smith"), counsel for Merrill Lynch, delivered to the court (1) an order (the "Proposed Order") bearing the consent of the debtor, Stuart R. Ross ("Ross" or "Debtor"),[2] which provides for an order for relief and the appointment of a Chapter 7 trustee in this involuntary case; (2) an affidavit of Frederic W. Parnon, a member of Barrett Smith, describing a Modified Stipulation dated June 30, 1987 (the "Modified Stipulation") to which Ross and Merrill Lynch are parties and which was so ordered by the United States District Court for the Southern District of New York in *Ross v. Merrill Lynch Commodities, Inc.*, 84 Cir. 1437 (MP); and (3) an affidavit of Lore C. Steinhauser, an attorney employed by Merrill Lynch, attesting to the non-receipt of payment either before or after December 28, 1987 of the payment the Modified Stipulation provided to be made to Merrill Lynch on that date.

Ross agreed in the Modified Stipulation to cause certain payments, including the one due and not made on December 28, to be made to Merrill Lynch on specified dates. He also agreed to and did deliver the Proposed Order and various Confessions of Judgment to Merrill Lynch to be used in the event the agreed payments were not due. The Modified Stipulation provides that

"7. In the event of a default while The Ross Involuntary Bankruptcy Proceeding is pending, Merrill Lynch shall be entitled, without any further notice, to complete and file the Proposed Order."

In Paragraph 9 of the Modified Stipulation Ross consented to the appointment of a

---

1. Familiarity with this decision will be presumed.

2. The Debtor, who is an attorney, is currently appearing *pro se*. However, he was represented by counsel continuously until late Spring 1987 when his attorney was permitted to withdraw over a fee dispute.

trustee and authorized Merrill Lynch to complete and file the consent to appointment without providing any prior notice.

Ross received a copy of Barrett Smith's letter to the court. On January 21, 1988, Ross had delivered to chambers a letter, the text of which is the following:

"This is to advise the Court that the undersigned has *withdrawn* his consent to the proposed order for relief and for appointment of a trustee submitted by Merril (sic) Lynch Futures, Inc. in the above matter."

By letter of January 22, Ross delivered to the court a copy of the letter he had delivered to Barrett Smith on January 21 stating that he was withdrawing his consent to the relief provided in the Proposed Order.[3]

Ross' attempt to withdraw his consent to the Proposed Order is simply ineffectual as he "confessed the judgment" embodied in the Proposed Order in the court-approved Modified Stipulation itself. His creditor, Merrill Lynch, has provided the court with affidavits sworn under penalty of perjury that the event, i.e., default of payment, has occurred which gave rise to their right to submit the judgment in accordance with the terms of the Modified Stipulation. Ross has not challenged the truth of the affidavits and this court has no reason to doubt their truthfulness. Compare *In re Gold*, 85 A.D.2d 776, 444 N.Y.S.2d 783 (1981).

The Modified Stipulation became a consent judgment upon its approval by the District Court. As this court has written in a related matter, consent decrees have attributes of both contracts and of judicial decrees and can be labeled both contracts and judgments. See *In re Ross (General American Corp. v. Merrill Lynch Commodities, Inc.)*, 64 B.R. 829 (Bankr.S.D.N. Y.1986).

The Proposed Order, which was judicially approved as part of the consent judgment, is a form of confession of judgment.[4]

"A confession of judgment, as that expression is ordinarily employed, means the rendition of a judgment upon the admission or confession of the debtor, without the formality, time, or expense involved in an ordinary proceeding. The practice of rendering judgments by confession is so old that the date of its origin is unknown." 47 Am.Jur.2d, Judgments § 1098.

"A judgment by confession is entered with the consent of the debtor expressed in the instrument authorizing it. However, the entry of judgment is a mere legal consequence of the giving of the judgment note; it is not a new act by the debtor, but a natural and legal result beyond his control." 47 Am.Jur.2d, Judgments § 1102.

Federal courts can enter judgment by confession in an appropriate case. See *Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617, 621 (Clark, C.J.) ("Here there is no occasion to consider how far this confession would have fitted into the New York statutory procedure. * * * whether or not they may have succeeded in complying with state law does not concern us. In any event we have a formal enforceable agreement or engagement of the parties, which in fact is directed to this particular district court. Indeed confusion may be avoided or lessened if the document is given some less technical or horrendous title, such as 'Agreement for Judgment,' instead of 'Confession.' ")[5]

As a result of its determination to sign the Proposed Order, it is unnecessary for the court to issue findings of fact and

---

**3.** The text of that letter reads "I hereby withdrawn my consent to the proposed order(s) for relief and for the appointment of trustee previously delivered to you in the above matter."

**4.** This court finds no significance in the fact that the Proposed Order is not one providing for judgment in a sum certain. The order is specific and standard in nature. Bankruptcy is a recognized form of collective debt remedy.

**5.** In *Citibank National Association v. London*, 526 F.Supp. 793 (D.C.S.C.Tex.1981), a diversity action, the court applied the New York statutory law, CPLR § 3219, which governs confessions of judgment as the court found that the law of New York governed the substantive issues. In contrast, *Bowles* was a federal question case. Here the Proposed Order deals solely with an issue arising under a federal statute, the Bankruptcy Code, and thus New York State law is not governing.

conclusions of law on the generally not paying issue as the question has become moot. For the sake of clarity, this court feels constrained to state that it is satisfied that it would have entered an order for relief on the merits. Thus, there can be no concern that the outcome of this case would differ were this court to have considered the merits rather than signed the Proposed Order.

This court concurrently herewith has signed the Proposed Order.