■ Joseph Rae, Appellant, v. Hotel Governor Clinton, Inc., Respondent.— Order, entered on June 19, 1964, granting defendant's motion to vacate judgment by confession entered against defendant and to vacate execution issued thereon, unanimously reversed on the law and on the facts, with $30 costs and disbursements to appellant, and the motion denied. The parties entered into an agreement whereunder plaintiff, for the sum of $350,000 sold to defendant his interest in a certain mortgage on a lease held by defendant. In addition, plaintiff loaned defendant the sum of $25,000. The total alleged indebtedness of $375,000 was evidenced by a series of 40 promissory notes, numbered "1" through "40". Four notes, each in the amount of $6,250, payable in 1966, and numbered "13" through "16", were given to repay the $25,000 loan. The affidavit confessing and authorizing entry of judgment in the amount of $25,000 in respect of the loan in that amount clearly described the debt it

secured, identified the four notes evidencing the indebtedness, and provided that the judgment could be filed at any time after default. Each of the four notes thus identified contained the following notation: "This note is one of series of 40 notes of even date herewith, aggregating $375,000. It is understood and agreed that in the event of the nonpayment of any one of said series and said default continue for a period of 10 days, then at the option of the holder of any of the said notes, all or any part of the remaining unpaid notes shall forthwith become due and payable." Note numbered "1", the first due of the series, was presented for payment, which was refused because payment had been "stopped" by defendant. The affidavit submitted in support of defendant's motion to vacate the judgment does not even make a pretense of explaining, justifying or excusing the refusal to pay the note. It is largely argumentative and such facts as it asserts are trivia and irrelevant. Since the statement and confession of judgment adequately state the facts constituting the liability (CPLR 3218), and since no showing is made that the judgment was procured or filed fraudulently, there is no basis for granting the motion to vacate. Concur — Botein, P. J., Valente, McNally, Stevens and Eager, JJ.