## (January 31, 1984)

■ In the Matter of SUSAN L. KAUFFMAN and RICHARD A. LA POINTE, Attorneys, Respondents. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. (Proceeding No. 1.) In the Matter of RICHARD A. LA POINTE, Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. (Proceeding No. 2.) — Respondents Kauffman and La Pointe were admitted to the Bar by this court on February 11, 1977 and July 10, 1974, respectively. They maintain an office for the practice of law in the City of Schenectady. In these disciplinary proceedings, petitioner moves to confirm the reports of the referee to whom the issues

were referred. The motions are opposed. The petition in proceeding No. 1 contains three charges of professional misconduct. Charge No. 1 alleges that respondents resorted to a deceptive advertising technique. Specifically, it is alleged that they inserted an advertisement in a newspaper containing a telephone number to be called for a recorded message on debt relief. The message stated, in part, that if you are having trouble paying your creditors, you should discuss your financial situation with an attorney and, since debt relief laws are complex, specific questions should be answered by an attorney familiar with such matters, the implication being that if an individual called respondents' office and made an appointment to discuss his financial problems, he would be counseled and his questions answered by an attorney. Relying upon the recorded message, Edward and Anna Stankovich came to respondents' office to discuss their financial situation. They were interviewed by a secretary and given papers to sign. However, it is alleged that they did not receive any counseling by an attorney. Although the referee found that Mrs. Stankovich, during her first visit to respondents' office, was interviewed initially by a secretary and then by respondent Kauffman, and that when Mrs. Stankovich subsequently returned to the office with her husband they were seen first by the same secretary and then by respondent Kauffman, he nonetheless sustained the charge. Since there is no evidence that the advertisement or telephone recording was deceptive or misleading, the charge can be sustained only if, as alleged, the Stankovichs "received no counseling by any attorney." Respondents submit that the proof and the findings of the referee show conclusively that the Stankovichs did receive counseling from attorney Kauffman. We agree. Accordingly, petitioner's motion to confirm the report of the referee, insofar as it sustains charge No. 1, is denied and the charge is dismissed. Charge No. 2 alleges that respondents improperly obtained an affidavit of confession of judgment from the Stankovichs and thereafter referred the affidavit to other counsel who took judgment on respondents' behalf. Specifically, it is alleged that when the Stankovichs appeared at respondents' office, a secretary presented them with various papers to sign, including an affidavit of confession of judgment form that clearly indicated that it was being obtained as security for legal services to be rendered in the future. The Stankovichs signed the affidavit of confession form without receiving any explanation as to the consequences, nor were their signatures sworn to before a notary. Thereafter, despite respondents' failure to perform the legal services that served as consideration for the affidavit of confession, the affidavit was referred to an attorney who took judgment on respondents' behalf. The referee sustained the charge as do we but for a somewhat different reason. It is improper for an attorney to refer an affidavit of confession obtained from his client as security for his fee for legal services to other counsel to enter judgment where the services that serve as consideration for the affidavit have not been completely performed. Moreover, we note that the Committee on Professional Ethics of the New York State Bar Association has ruled that an attorney should not obtain an affidavit of confession from his client to secure his fee for legal services until after his services have been rendered. (NY State Bar Assn Comm on Professional Ethics, Opn No. 474 [1977].) Here the affidavit of confession provided that the Stankovichs have engaged respondents to file a chapter 13 debt consolidation petition with the United States Bankruptcy Court and to represent them in subsequent court proceedings. While the chapter 13 petition and plan had been prepared by respondents prior to the time they were advised by their clients that they did not wish to proceed with the matter, the fact remains that the petition had not been filed nor had respondents appeared in court on their clients' behalf. Thus respondents had not earned their agreed upon fee of $450 for legal services

when they referred the affidavit of confession to other counsel to enter judgment for the entire fee. This was clearly improper and the fact that it appears that respondents would have been entitled to recover the entire fee if they had sued in *quantum meruit* does not change the result. Charge No. 3 alleges that a letter sent by respondents to the Stankovichs misled them as to the work actually performed on their behalf. The letter was written on the letterhead of Kauffman and La Pointe and signed by respondent La Pointe. The referee sustained the charge. Respondent Kauffman urges that she should not be found guilty of this charge since she did not write the letter in question or know of its contents. We agree. Accordingly, petitioner's motion to confirm the report, insofar as it sustains charge No. 3, is granted as to respondent La Pointe and denied as to respondent Kauffman. The petition in proceeding No. 2 contains a single charge of misconduct that is essentially identical to that set forth in charge No. 2 above. It alleges that respondent La Pointe improperly obtained an affidavit of confession from Carol and Gerald Felitti as security for his fee for legal services to be rendered in the future, and that he thereafter referred the affidavit to other counsel who took judgment on respondent's behalf for his entire fee, although the legal services that served as consideration for the affidavit had not been completely performed. The referee sustained the charge. We agree for the reasons set forth above in connection with charge No. 2. While respondent had prepared and filed a chapter 13 debt consolidation petition, he had not appeared in court on the Felittis' behalf when they advised him that they did not wish to proceed with the matter. Thus respondent had not earned his agreed upon fee for legal services when he referred the affidavit of confession to other counsel to enter judgment for the entire fee. In determining an appropriate sanction for respondents' misconduct, we have concluded, under all the circumstances, that the ends of justice will be adequately served by a censure. In proceeding No. 1, respondents Susan L. Kauffman and Richard A. La Pointe censured. In proceeding No. 2, respondent Richard A. La Pointe censured. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.