■ NICHOLAS FRANCO et al., Respondents, v GARY H. ZELTSER et al., Respondents and JEWISH WEEK and AMERICAN EXAMINER, INC., Appellant. — In an action to vacate or remove a judgment lien on real property, the Jewish Week and the American

Examiner, Inc. appeals from so much of a judgment of the Supreme Court, Richmond County (Rubin, J.), dated December 9, 1983, as vacated its lien upon the property.

Judgment affirmed, insofar as appealed from, with one bill of costs.

In December 1981, defendant Gary Zeltser signed an affidavit confessing judgment against himself and in favor of appellant the Jewish Week and The American Examiner, Inc. in the amount of $50,000. The sole factual basis for the confession was Mr. Zeltser's statement that: "This Confession of Judgment is made to assure the return to the said corporation of the aforesaid sums of money which have been taken by me without authority and the return of which I hereby acknowledge I am completely liable".

On December 21, 1981, appellant entered the confession of judgment in the Richmond County Clerk's office under the name of Gary *Seltzer*. On July 13, 1982, this judgment was satisfied by appellant solely for the purpose of entering a new judgment and thereby correcting the spelling of the debtor's surname. The corrected judgment was entered on July 15, 1982. Thereafter, on August 20, 1982, plaintiffs purchased from the Zeltsers real property which was located in Richmond County. Apparently, a title search conducted on behalf of plaintiffs failed to disclose the presence of the judgment lien on the property. Subsequent to the conveyance, appellant informed plaintiffs of the lien, and they commenced this action to have it set aside. Special Term, finding the affidavit of confession legally deficient under CPLR 3218, vacated the judgment and thus removed the lien. We affirm.

A close reading of the language contained in the affidavit of confession reveals that it failed to meet the factual specificity required under CPLR 3218 (a) (2). Since this absence of facts would prevent interested third parties from ascertaining the bona fides of the circumstances underlying the debt, the judgment must fall (*see, McDaniel v Sangenino,* 67 AD2d 698; *County Natl. Bank v Vogt,* 28 AD2d 793, *affd* 21 NY2d 800).

Moreover, it appears that by the terms of the affidavit of confession itself, appellant was required to file an affidavit by one of its officers that the debt had not been paid as a condition to entering the confession of judgment. This condition was not fulfilled. As such, Special Term acted properly in vacating the lien. We have considered the remaining contentions of the parties and find them to be without merit. Weinstein, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.