■ CITY OF POUGHKEEPSIE, Appellant, v JOSEPH ALBANO, Respondent.—In an action to enforce the City of Poughkeepsie Code of Ordinances, the plaintiff city appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), entered March 7, 1985, which granted the defendant's motion to vacate a judgment by confession.

Order reversed, on the law, motion denied, and judgment reinstated, with costs.

As the result of a lengthy litigation concerning housing and zoning code violations the plaintiff City of Poughkeepsie and the defendant Albano entered into a stipulation on the record in open court on December 21, 1984. Pursuant to the stipulation, *inter alia,* the defendant executed a confession of judgment in the amount of $12,500 in favor of the plaintiff, and agreed to correct violations on the premises by 9:00 A.M. on December 28, 1984. Two of the three outstanding repairs were not made by 9:00 A.M. on that date, however, and on January 2, 1985, the plaintiff entered judgment by confession in accordance with the agreement.

The defendant then brought the instant motion to vacate the judgment. He admitted that the violations had not been corrected by the 9:00 A.M. deadline, but claimed, *inter alia,* that recent eye surgery had caused him to rely on his contractor and had prevented him from seeing that the work had not been done in compliance with the code. He further alleged that because of his limited education, he had not understood the consequences of a failure to meet the deadline. The defendant also asserted that the necessary work had been fully completed by nearly 4:00 P.M. that same afternoon, but this claim was denied by the plaintiff, whose deputy building inspector asserted in his affidavit that the same violations which had not been corrected by December 28, 1984, remained uncorrected in late January 1985.

We note that generally, only a third-party judgment creditor has standing to question on motion the validity of a judgment by confession, and that a defendant debtor who seeks to attack such a judgment must proceed by plenary action *(see, Williams v Mittleman,* 259 App Div 697, 699, *lv denied* 284 NY 822; *Mall Commercial Corp. v Christa Rest.,* 85 Misc 2d 613; *cf. Rae v Hotel Governor Clinton,* 22 AD2d 783). In any event, we find that in the instant case, the defendant has failed to establish by a "preponderance of clear, positive

and satisfactory evidence" any fraud, misconduct or other circumstances that would require the judgment in question to be set aside *(see, Giryluk v Giryluk,* 30 AD2d 22, 23, *affd* 23 NY2d 894).

Under the circumstances, we find no reason to disturb the judgment by confession, and the defendant's application to vacate is denied. Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.