■ ILMS REALTY ASSOCIATION et al., Appellants, v HAROLD F. MADDEN et al., Defendants, and DeMAR PACKING CORPORATION, Respondent.—In an action to foreclose a mortgage on real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated January 4, 1990, which denied their motion, *inter alia,* to (1) vacate a judgment docketed in favor of the defendant DeMar Packing Corporation and its predecessor in interest and (2) strike the answer and affirmative defenses of the defendant DeMar Packing Corporation on the ground that the affidavits of confession of judgment on which judgment in favor of DeMar Packing Corporation was entered were not in compliance with CPLR 3218.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the plaintiffs' contention, the affidavits of confession of judgment met the specificity requirements of CPLR 3218. CPLR 3218 (a) provides that

"a judgment by confession may be entered * * * upon an affidavit executed by the defendant * * *

"(3) if the judgment to be confessed is for the purpose of securing the plaintiff against a contingent liability, stating concisely the facts constituting the liability and showing that the sum confessed does not exceed the amount of the liability."

In the case at bar, the affidavits confess judgment in the amount of $450,000, and the county of the confessor's residence is stated therein as "Nassau County". The affidavit further provides that: "This confession of judgment is for a debt justly due to the plaintiff arising from the following facts: personal guaranty of payment of indebtedness according to Credit Agreement dated November 19, 1987, which said Agreement has been breached". We agree with the trial court that this concise statement of the facts was sufficiently informative to enable third-party creditors to investigate the claim and ascertain its validity (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3218:9, at 1041; *see also, County Natl. Bank v Vogt,* 28 AD2d 793, *affd* 21 NY2d 800; *Wood v Mitchell,* 117 NY 439; *Princeton Bank & Trust Co. v Berley,* 57 AD2d 348, 354).

We similarly reject the plaintiffs' contention that the affidavits of confession were rendered void or insufficient by the recital therein that "said Agreement has been breached", on the ground that the agreement could not have been breached

on the date of its execution. CPLR 3218 (a) expressly recognizes that a confession of judgment may be entered "to secure the plaintiff against a contingent liability". The statute thus clearly contemplates that in cases of contingent liability, the confessing party "may never be called upon to pay out" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3218:6, at 1039). The fact that such liability may or may not occur, however, does not serve to preclude filing of an affidavit of confession of judgment. The affidavits at bar provide sufficient facts to enable any prudent third-party creditor to determine that the affidavits were executed simultaneously with, and as security for, the credit agreement, and were for the purpose of securing the creditors against a default by the debtors constituting a breach of that agreement. In view of the contingent nature of the debt confessed and the underlying facts stated in the affidavits, the language recited therein neither serves to invalidate the affidavits nor render them insufficient under CPLR 3218.

We have examined the plaintiffs' remaining contentions and find them to be without merit or insufficient to establish entitlement to summary judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562). Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.