In the Matter of DAVID BARNETT JACOBS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 8, 1993

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Westbury *(Robert P. Guido* of counsel), for petitioner.

*David Barnett Jacobs,* Woodbury, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent is charged with five allegations of professional misconduct. Charge One alleges that the respondent has charged a client a clearly excessive fee, in violation of DR 2-106 of the Code of Professional Responsibility. On or about March 27, 1987, the respondent was retained to represent a client in a matrimonial matter. On or about August 5, 1987, the respondent charged his client $14,500 for legal services allegedly rendered by him in connection with her matrimonial matter. This $14,500 charged by the respondent included $2,500 in services rendered by the respondent in the form of various legal consultations conducted with his client between March 1984 and March 1987. The balance of $12,000 worth of legal services rendered was allegedly performed by respondent from March 28, 1987, through August 5, 1987, at a rate of $150 per hour, as set forth in the March 27, 1987 retainer agreement. The respondent actually performed no more than 34½ hours of legal services between March 27, 1987, and August 5, 1987, therefore, entitling him to no more than $5,175 pursuant to the retainer agreement.

Charge Two alleges that the respondent improperly obtained a confession of judgment for legal fees from his client. On or about August 5, 1987, at the request of the respondent, the client signed a promissory note prepared by the respondent, evidencing a debt owed to the respondent in the amount of $14,500 for legal fees. On or about August 6, 1987, at the request of the respondent, the client executed an acknowledgment before a notary public, acknowledging the debt reflected by the promissory note of August 5, 1987. On or about August 28, 1987, at the request of the respondent, the client executed a confession of judgment prepared by the respondent, confessing judgment in the respondent's favor against her in the amount of $14,500 based upon the promissory note. On or about August 31, 1987, the respondent filed the aforesaid confession of judgment in the office of the County Clerk, Nassau County.

In obtaining the confession of judgment from his client, the respondent failed to first provide her with a complete and full explanation of the character, effect, and purpose of the confes-

sion of judgment, including its effect upon her credit standing. The amount of the confession of judgment is not commensurate with, and in fact clearly exceeds, the value of the legal services that the respondent had rendered to his client as of August 5, 1987. The respondent wrongfully filed the confession of judgment to effect payment rather than holding it as security for payment of his outstanding legal fees.

Charge Three alleges that the respondent improperly attempted to limit his liability to a client for his possible malpractice. The confession of judgment drafted by the respondent and signed by his client on August 28, 1987, states in part: "I am further releasing Mr. Jacobs from any liability that may ensue as a result of the action he is taking on my behalf". The respondent improperly obtained this release while his representation of his client was ongoing. The respondent improperly obtained the aforementioned release from his client without first fully apprising her of the facts pertaining to the representation that may give rise to specific claims against him. The respondent improperly obtained the release from his client without first advising her to secure independent counsel.

Charge Four alleges that the respondent has charged a client a clearly excessive fee, in violation of DR 2-106 of the Code of Professional Responsibility. On or about August 18, 1988, the respondent charged his client the sum of $10,000 for legal services allegedly performed by him in connection with her matrimonial matter between August 28, 1987, and August 19, 1988. The respondent actually performed no more than 43 hours of legal services on his client's matrimonial matter between August 28, 1987, and August 19, 1988, to which he was entitled to charge no more than the sum of $6,450 in accordance with the retainer agreement dated March 27, 1987.

Charge Five alleges that the respondent improperly obtained a confession of judgment for legal fees from his client. On or about August 18, 1988, at the request of the respondent, the client signed a promissory note prepared by the respondent, evidencing a debt owed to the respondent in the amount of $10,000. On or about August 18, 1988, at the request of the respondent, the client executed an acknowledgment before a notary public, acknowledging the debt reflected in the promissory note of August 18, 1988. On or about August 18, 1988, at the request of the respondent, the client executed a confession of judgment prepared by the respondent, confessing judgment

in the respondent's favor against her in the amount of $10,000. On or about September 15, 1988, the respondent filed the confession of judgment in the office of the County Clerk, Nassau County.

In obtaining the confession of judgment from his client, the respondent failed to first provide her with a complete and full explanation of the character, effect, and purpose of the confession of judgment, including its effect upon her credit rating. The amount of the confession of judgment is not commensurate with, and in fact clearly exceeds, the value of the legal services that the respondent had rendered to the client as of August 18, 1988. The respondent wrongfully filed the confession of judgment to effect payment rather than holding it as security for payment of his outstanding legal fees.

The Special Referee sustained the five charges of misconduct. The petitioner moves (1) to confirm the report of the Special Referee, and (2) to compel the respondent to take the necessary, and appropriate action to vacate the judgments obtained by confessions of judgment from his client. The respondent cross-moves to (1) disaffirm the report of the Special Referee, (2) deny the petitioner's motion to confirm the Special Referee's findings, (3) dismiss the charges against the respondent, (4) refer the matter to the arbitration panel located in Nassau County to arbitrate the fee dispute between the respondent and his client, or, (5) direct the Justice assigned to the complainant's matrimonial case at the Supreme Court, Nassau County, to conduct a hearing to determine the attorneys' fee the respondent is entitled to in the underlying divorce action and Family Court proceedings, and (6) stay the enforcement of any discipline penalty that may be determined by this Court pending the resolution of any final appeal, together with such other or further relief as this Court deems just and proper.

After a review of the evidence, we find that Charges One through Five were properly sustained by the Special Referee. We find the respondent's fees in both Charge One and Charge Four to be excessive and unsupported by the evidence. We further find with respect to Charge Three that the respondent improperly attempted to limit his liability to his client. With respect to Charges Two and Five, we find that the respondent improperly obtained and filed confessions of judgment. The respondent failed to provide his client with a complete and full explanation of the character, effect, and purpose of the

confession of judgment. Further, the amount of the confession of judgment exceeds the value of the respondent's services.

Accordingly, the petitioner's motion is granted in its entirety and the respondent is directed to vacate the judgments entered against his client. The respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's record of prior discipline, including a 1986 Letter of Reprimand, a 1986 Letter of Caution, and a 1990 Letter of Admonition. Accordingly, the respondent is suspended from the practice of law for a period of three years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm is granted in its entirety; and it is further,

Ordered that the respondent's motion to disaffirm is denied in its entirety; and it is further,

Ordered that the respondent David Barnett Jacobs, is suspended from the practice of law for a period of three years, commencing April 12, 1993, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period of three years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent David Barnett Jacobs is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its

application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the respondent is directed to vacate the judgments entered against his client.