■ HERBERT RUBENFELD, Appellant, v JULIA GAMBINO, Respondent. [624 NYS2d 957] —In an action to recover legal fees,

the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated September 21, 1993, as granted the defendant's motion to vacate a judgment by confession entered June 7, 1989, which is in favor of the plaintiff and against the defendant in the principal sum of $25,014.50.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the judgment is reinstated, and the motion is denied.

The plaintiff is the attorney who handled the defendant's divorce. While the divorce action was pending, the defendant signed an affidavit of confession of judgment with respect to the fees that the plaintiff had already earned. After the divorce action concluded, the plaintiff filed the affidavit of confession of judgment, and a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $25,014.50.

The defendant has failed to establish by a " 'preponderance of clear, positive, and satisfactory evidence' " any fraud, misconduct, or other circumstances that would require the judgment in question to be set aside (*City of Poughkeepsie v Albano*, 122 AD2d 14, 14-15, quoting *Giryluk v Giryluk*, 30 AD2d 22, 23, *affd* 23 NY2d 894). The record establishes that the plaintiff explained to the defendant the nature and purpose of the affidavit of confession of judgment and that it could affect her credit rating (*see, Matter of Jacobs*, 188 AD2d 228).

Moreover, there was no impropriety in the defendant's confessing judgment for services already rendered when the plaintiff was still representing her in the underlying divorce action. The defendant did not confess judgment for any unearned or prospective fees (*see,* NY State Bar Assn Comm on Professional Ethics, Opn No. 474; *Engster v Passonno*, 202 AD2d 769; *but see,* 22 NYCRR 1400.5 [an attorney may not obtain a confession of judgment to secure his or her fee in a domestic relations matter unless the retainer agreement so provides, notice has been given to the other spouse, and the court approval has been obtained]). Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.