■ MOSHE KATLOWITZ, Appellant, v HINDY HALBERSTAM et al., Respondents. [726 NYS2d 438] —In an action to enforce certain confessions of judgment executed for legal fees owed, the plaintiff appeals from an order of the Supreme Court, Kings County (R. E. Rivera, J.), dated January 28, 2000, which, after a hearing, granted the separate motions of the defendants Hindy Halberstam and Sinai Halberstam, respectively, to vacate two judgments by confession dated May 28, 1998, and determined that the plaintiff is not entitled to recover any additional legal fees for services rendered to the defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof determining that the plaintiff is not entitled to recover any additional legal fees; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

Although there is no per se rule barring the use of a confession of judgment with respect to legal fees, an attorney obtaining one must make sure, among other things, that the client understands that the amount is to be agreed upon or fixed by the court. Moreover, the use of a confession of judgment for unearned and prospective fees is impermissible (*see, Matter of Kauffman,* 99 AD2d 640; NY State Bar Assn Comm on Professional Ethics, Opn No. 474). The plaintiff's client, the defendant Sinai Halberstam (hereinafter Sinai), and his client's wife, the defendant Hindy Halberstam (hereinafter Hindy), signed blank affidavits of confession of judgment, which the plaintiff admitted to filling in later to reflect, *inter alia,* legal fees that had not been earned at the time of the signing. Therefore, the Supreme Court properly vacated the two judgments by confession (*see, Matter of Kauffman, supra*).

We disagree, however, with the Supreme Court's conclusion that the plaintiff is not entitled to recover any additional legal fees above the $50,000 already paid to him. The record demonstrates that Sinai and Hindy signed the affidavits of confession of judgment for additional legal fees after the payment of $50,000 to the plaintiff. Furthermore, Sinai signed a letter stating that he owed the plaintiff approximately $30,000 in additional legal fees and directing that proceeds from a prospective sale of real property be paid to the plaintiff, and issued a check to the plaintiff in the amount of $70,000. Accordingly, as the parties contemplated that additional legal fees would be paid to the plaintiff for services rendered, this matter is remitted to the Supreme Court to determine the total amount of reasonable legal fees to which the plaintiff is entitled. Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.