■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE THORNTON, Appellant. [791 NYS2d 750]—

Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered August 16, 2002. The order determined that defendant is a level three risk and a predicate sex offender pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the determination that defendant is a predicate sex offender and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk and a predicate sex offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). At the conclusion of the SORA hearing held on July 14, 2000, prior to defendant's scheduled release from incarceration, Supreme Court determined that defendant is a level three risk. In its order issued August 16, 2002, however, the court determined that defendant is a predicate sex offender in addition to a level three risk. The People correctly concede that the court erred in determining that defendant is a predicate sex offender, and we therefore modify the order accordingly. Pursuant to Correction Law § 168-n (1), the court must determine prior to a defendant's release from incarceration whether the defendant is, inter alia, a predicate sex offender, and it is undisputed that the predicate sex offender classification was not effective until March 11, 2002 (*see* L 2002, ch 11, §§ 4, 24), well after defendant's release from incarceration. We note in addition that there is no indication in the record of any court activity in the matter until the issuance of the order on appeal herein.

We reject the further contention of defendant that the court erred in determining that he is a level three risk. The court

properly considered, inter alia, the grand jury testimony and sworn statements of the victim in determining defendant's risk level (*see People v Brown*, 302 AD2d 919, 920-921 [2003]; *People v Wroten*, 286 AD2d 189, 199 [2001], *lv denied* 97 NY2d 610 [2002]), and the court's determination is supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *Brown*, 302 AD2d at 921). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.