■ The People of the State of New York, Respondent, v James Jenkins, Appellant. [805 NYS2d 841]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated April 23, 2004, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court's determination to designate the defendant a level three sex offender was supported by clear and convincing evidence (see Correction Law § 168-n [3]). The court properly assessed 20 points because the defendant engaged in a continuing course of conduct (see People v Thornton, 16 AD3d 1169 [2005]; People v Brown, 302 AD2d 919, 920 [2003]; People v Hampton, 300 AD2d 641 [2002]). Crane, J.P., Luciano, Skelos and Lifson, JJ., concur.

■ Perkins Davis Group, Inc., Respondent, v Chelsea 82973, LLC, et al., Defendants. Harvey Wiles, Nonparty Appellant. [808 NYS2d 377]—In an action to recover the proceeds of a loan, nonparty Harvey Wiles appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated March 15, 2005, which denied his motion to vacate a confessed judgment entered in favor of the plaintiff Perkins Davis Group, Inc., in the principal sum of $160,000.

Ordered that the order is affirmed, with costs.

Contrary to the contentions of the nonparty appellant, who is a creditor of one of the defendant debtors, the subject affidavit of confession of judgment set forth the underlying facts in sufficient detail to meet the requirements of CPLR 3218 (see ILMS Realty Assn. v Madden, 174 AD2d 603 [1991]; McDaniel v Sangenino, 67 AD2d 698 [1979]). Furthermore, the Supreme Court properly concluded that the appellant failed to submit clear, positive, and satisfactory evidence of any fraud, misconduct, or other circumstances that would require the judgment in question to be set aside (see City of Poughkeepsie v Albano, 122 AD2d 14, 14-15 [1986]; Giryluk v Giryluk, 30 AD2d 22, 23 [1968], affd 23 NY2d 894 [1969]). Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.