■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG M. DAVIS, Appellant. [809 NYS2d 547]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 4, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In 1991 the defendant pleaded guilty to attempted sexual abuse in the first degree and was assigned a presumptive risk level three sex offender designation (see Correction Law § 168-m) based, inter alia, upon a 1982 conviction in Connecticut of sexual assault, kidnapping, and robbery. He contends that, upon a redetermination hearing held in December 2004, the Supreme Court incorrectly determined factors 7, 11, and 12, "Relationship between Offender and Victim," "Drug or Alcohol Abuse," and "Acceptance of Responsibility," respectively (see SORA Risk Assessment Guidelines and Commentary [1997 ed]), of the Sex Offender Registration Act Risk Assessment Guidelines, which resulted in a total point assessment score against him of 115. Since a point assessment of 110 or more results in assignment to risk level three, the defendant was designated a level three sex offender. He further contends that the court should have exercised its discretion and departed from this designation down to a risk level two (see Correction Law § 168-l).

Contrary to the defendant's contention, the Supreme Court's determination to designate the defendant a level three sex offender was supported by clear and convincing evidence, based on the facts contained in the minutes of the November 13, 1990, grand jury testimony and the other documentary proof before it. Thus, its determination should not be disturbed (see Correction Law § 168-n [3]; People v Jenkins, 24 AD3d 645 [2005]; People v Awalt, 17 AD3d 336 [2005]; People v Villanueva, 13 AD3d 431 [2004]; People v Dong V. Dao, 9 AD3d 401 [2004]; People v Overman, 7 AD3d 596 [2004]; People v Johnson, 4 AD3d 462 [2004]).

The defendant failed to present clear and convincing evidence of the existence of special circumstances to warrant a downward departure from his presumptive risk level as determined by the risk assessment instrument (see People v Dexter, 21 AD3d 403, 404 [2005], lv denied 5 NY3d 716 [2005]; People v Masters, 19

AD3d 387 [2005], *lv denied* 5 NY3d 709 [2005]; *People v Guaman*, 8 AD3d 545 [2004]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.