The People of the State of New York, Respondent, v Ralph Edward Stevenson, Appellant. [813 NYS2d 344]—

Appeal from an order of the Erie County Court (Timothy J. Drury, J.), entered February 10, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act and a sexually violent offender.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the determination that defendant is a sexually violent offender and as modified the order is affirmed without costs.

Memorandum: In this proceeding commenced pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant appeals from an order determining that he is a level three risk and additionally determining that he is a sexually violent offender. As the People concede, County Court erred in determining that defendant is a sexually violent offender (*see generally People v Thornton*, 16 AD3d 1169 [2005], *lv denied* 5 NY3d 702 [2005]). We modify the order accordingly.

We reject the further contention of defendant that the court erred in determining that he is a level three risk. Defendant failed to preserve for our review his contention that he was er-

roneously assessed an incremental five points for the nature of his "[s]exual contact with victim," specifically, the fact that there had been "contact under clothing" (*see People v Smith*, 17 AD3d 1045 [2005], *lv denied* 5 NY3d 705 [2005]). The further contention of defendant that he was inappropriately assessed 15 points for the fact that he had been released from prison "without supervision" is lacking in merit. The court's finding with respect to that risk factor is supported by the requisite clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Vacanti*, 26 AD3d 732 [2006]; *People v Heichel*, 20 AD3d 934, 935 [2005]). Because defendant's remaining contention concerns only 20 disputed points, the subtraction of which would be insufficient to render defendant a presumptive level two risk, we need not address that contention. Present—Kehoe, J.P., Gorski, Martoche, Green and Hayes, JJ.