■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FLOWERS, Appellant. [826 NYS2d 687]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated February 15, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that the hearing court's use of the risk assessment instrument (hereinafter RAI) prepared by the Board of Examiners of Sex Offenders (hereinafter the Board)

denied him due process is without merit (*see People v Bligen,* 33 AD3d 489 [2006]). The hearing court accepts the RAI as a recommendation (*see* Correction Law § 168-*l* [6]), but makes its own determination as to risk level (*see* Correction Law § 168-n [2]; *Matter of New York State Bd. of Examiners of Sex Offenders v Ransom,* 249 AD2d 891 [1998]). The defendant was accorded a meaningful opportunity to refute the results of the RAI at the hearing (*see People v Brooks,* 308 AD2d 99, 103 [2003]; *cf. People v David W.,* 95 NY2d 130, 140 [2000]).

The Supreme Court providently exercised its discretion in adopting the Board's recommendation to adjudicate the defendant a level three sex offender under Correction Law § 168-*l* (6) (c), based on a presumptive override for a prior felony conviction for a sex crime (*see* Correction Law § 168-d [3]; *People v Clinkscales,* 18 AD3d 726 [2005]; *People v Sacco,* 17 AD3d 711 [2005]). The defendant failed to present clear and convincing evidence of special circumstances warranting a downward departure from the presumptive risk level (*see People v Davis,* 26 AD3d 364 [2006]; *People v Guaman,* 8 AD3d 545 [2004]). Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.