■ ANN COLE-HATCHARD et al., Appellants, v JAMES NICHOLSON et al., Respondents. LEE S. RICHARDS, Nonparty Respondent. [901 NYS2d 660]—

Appeal by the plaintiffs from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated August 31, 2009, as granted the motion of the nonparty receiver Lee S. Richards to vacate a judgment by confession filed in the Rockland County Clerk's office on February 20, 2009, which was in favor of them and against the defendants in the principal sum of $931,724.

Ordered that the order is affirmed insofar as appealed from, with costs.

This appeal stems from a judgment by confession in favor of the plaintiffs and against the defendants James Nicholson (hereinafter Nicholson) and Donna Nicholson. Allegedly, the plaintiffs are two of many victims of a Ponzi scheme perpetrated by Nicholson. Days prior to Nicholson's arrest in connection with the Ponzi scheme, the plaintiffs obtained from Nicholson the underlying affidavit of confession of judgment, which they immediately filed in the Rockland County Clerk's Office, followed a few days later by the filing of a transcript of judgment in the Suffolk County Clerk's Office. As relevant to this appeal, the affidavit of confession of judgment states that the sum of $931,724 is justly due to the plaintiffs for return of funds invested.

On the date of Nicholson's arrest, the United States Securities and Exchange Commission (hereinafter the SEC) commenced an action against Nicholson, "Westgate Capital Management, LLC" (hereinafter Westgate), and certain designated "Relief Defendants" in federal court with respect to the Ponzi scheme. In connection with that action, the United States District Court appointed the nonparty, Lee S. Richards (hereinafter the Receiver), as the Receiver of Nicholson's estate and of the estates of Westgate and the "Relief Defendants." Thereafter, the Receiver moved in the Supreme Court, Rockland County, to vacate the judgment by confession, inter alia, on the ground that the affidavit of confession of judgment does not comply with CPLR 3218 (a) (2), which requires that, for money due, such an affidavit state concisely the facts out of which the debt arose, and show that the sum confessed is justly due (see CPLR 3218 [a] [2]).

Contrary to the plaintiffs' contention, the Receiver had standing to seek vacatur of the judgment by confession on the ground that the affidavit of confession of judgment does not comply with CPLR 3218 (a) (2) (see *County Natl. Bank v Vogt*, 28 AD2d 793, 794 [1967], *affd* 21 NY2d 800 [1968]; *In re Horowitz*, 98 NYS2d 881, 882 [1950], *affd* 277 App Div 1130 [1950]; 7-3218 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3218.00; *see generally Eberhard v Marcu*, 530 F3d 122, 133 [2008]; *Scholes v*

*Lehmann,* 56 F3d 750, 755 [1995], *cert denied sub nom. African Enterprise, Inc. v Scholes,* 516 US 1028 [1995]; *S.E.C. v Shiv,* 379 F Supp 2d 609 [2005]; *cf. Burtner v Burtner,* 144 AD2d 417, 418 [1988]; *Magalhaes v Magalhaes,* 254 App Div 880, 881 [1938]), and the Receiver was not required to commence a plenary action to the extent he sought to vacate the judgment by confession on that ground (*see County Natl. Bank v Vogt,* 28 AD2d 793 [1967], *affd* 21 NY2d 800 [1968]; *Mall Commercial Corp. v Chrisa Rest.,* 85 Misc 2d 613, 614 [1976]; *cf. Engster v Passonno,* 202 AD2d 769, 769 [1994]; *Affenita v Long Indus.,* 133 AD2d 727, 728 [1987]; *Bufkor, Inc. v Wasson & Fried,* 33 AD2d 636, 637 [1969]).

Also contrary to the plaintiffs' contention, the affidavit of confession of judgment, which failed, inter alia, to set forth any facts explaining why Nicholson was indebted to the plaintiffs with respect to the money they invested with him, or why such debt was justly due, does not comply with CPLR 3218 (a) (2) (*see Franco v Zeltser,* 111 AD2d 367, 368 [1985]; *County Natl. Bank v Vogt,* 28 AD2d at 793; *Wood v Mitchell,* 117 NY 439, 441 [1889]; *cf. Harrison v Gibbons,* 71 NY 58, 60 [1877]; *Perkins Davis Group, Inc. v Chelsea 82973, LLC,* 24 AD3d 645, 645 [2005]; *Eurofactors Intl., Inc. v Jacobowitz,* 21 AD3d 443, 445 [2005]; *ILMS Realty Assn. v Madden,* 174 AD2d 603, 603 [1991]; *Princeton Bank & Trust Co. v Berley,* 57 AD2d 348, 352-354 [1977]). In that regard, given that the affidavit of confession of judgment does not simply contain some minor error of fact, but rather, is wholly insufficient under CPLR 3218 (a) (2), the Supreme Court providently exercised its discretion in declining to amend the judgment by confession as an alternative to granting the Receiver's motion to vacate it (*see Baehre v Rochester Dental Prosthetics,* 112 Misc 2d 270, 276 [1982]; *cf. Princeton Bank & Trust Co. v Berley,* 57 AD2d at 354). Mastro, J.P., Covello, Eng and Belen, JJ., concur.