██ Joseph Rubashkin et al., Appellants, v Aaron Rubashkin, Appellant. U.S. Bancorp Equipment Finance, Inc., Nonparty Respondent. [950 NYS2d 586]—

In an action to secure payment of a debt through a judgment by confession, the plaintiffs and the defendant appeal from an order of the Supreme Court, Kings County (Schack, J.), dated September 27, 2010, which granted the motion of the nonparty, U.S. Bancorp Equipment Finance, Inc., inter alia, to vacate a judgment by confession dated December 2, 2008.

Ordered that the order is affirmed, with costs.

Contrary to the contentions of the plaintiffs and the defendant, the affidavit of confession of judgment, which failed, inter alia, to set forth any facts explaining why the defendant was indebted to the plaintiffs, the date of the alleged loans, the financial details of the loans, or when demand for payment was made by the plaintiffs, did not comply with CPLR 3218 (a) (2) (*see Cole-Hatchard v Nicholson*, 73 AD3d 834, 835 [2010]; *Franco v Zeltser*, 111 AD2d 367 [1985]; *County Natl. Bank v Vogt*, 28 AD2d 793, 794 [1967], *affd* 21 NY2d 800 [1968]). Since the affidavit of confession of judgment did not simply contain a minor error of fact, but rather, was wholly insufficient under CPLR 3218 (a) (2), the Supreme Court properly granted that branch of the motion of the nonparty respondent, U.S. Bancorp Equipment Finance, Inc., which was to vacate the judgment by confession (*see Cole-Hatchard v Nicholson*, 73 AD3d at 836).

The remaining contentions of the plaintiffs and the defendant are either without merit or not properly before this Court.

Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.