In a matrimonial action in which the parties were divorced by judgment dated February 21, 2001, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colangelo, J.), dated March 23, 2012, which denied his motion, inter alia, to vacate a judgment by confession dated October 26, 2011, filed against him by the nonparty respondent Faith G. Miller.
Ordered that the order is affirmed, with costs.
In a so-ordered settlement agreement dated September 22, 2010, entered into between the plaintiff and the nonparty respondent Faith G. Miller, the court-appointed attorney for the child, the plaintiff agreed to pay Miller the total sum of $20,000, pursuant to a payment schedule set forth therein. The failure to make payment within 10 days after the due date was deemed to be a default. Upon such default, Miller was entitled to enter a judgment by confession in the amount of $20,000, plus interest and costs from the date of the default. Consistent therewith, upon the plaintiffs default, Miller filed a judgment by confession dated October 26, 2011. The plaintiff moved, inter alia, to vacate that judgment. The Supreme Court denied the plaintiffs motion.
The settlement agreement at issue is “a contract subject to principles of contract interpretation” (Rainbow v Swisher, 72 NY2d 106, 109 [1988]). “[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms” (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]; Maser Consulting, P.A. v Viola Park Realty, LLC, 91 AD3d 836, 837 [2012]). Here, contrary to the plaintiffs contention, the settlement agreement clearly and unambiguously permitted Miller to file the subject judgment by confession upon the plaintiffs default. Furthermore, the plaintiff failed to “submit clear, positive, and satisfactory evidence of any fraud, misconduct, or other circumstances that would require the judgment in question to be set aside” (Perkins Davis Group, Inc. v Chelsea 82973, LLC, 24 AD3d 645, 645 [2005]).
*684 The plaintiff’s remaining contentions are without merit. Rivera, J.E, Dickerson, Leventhal and Hinds-Radix, JJ., concur.