■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v STEVEN NOWICKI, Appellant. [19 NYS3d 175]—Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered November 1, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that the Supreme Court deprived him of due process by using a Risk Assessment Instrument in determining his risk level under the Sex Offender Registration Act (Correction Law art 6-C) is without merit (*see People v Reede*, 113 AD3d 663, 664 [2014]; *People v Guitard*, 57 AD3d 751 [2008]; *People v Washington*, 47 AD3d 908, 909 [2008]; *People v Windham*, 37 AD3d 571 [2007], *lv granted* 8 NY3d 816 [2007], *affd* 10 NY3d 801 [2008]; *People v Flowers*, 35 AD3d 690, 690-691 [2006]). Contrary to the defendant's further contention, the assessment of points against him under risk factor 12, for failure to accept responsibility, did not violate his Fifth Amendment privilege against self-incrimination (*see People v Palladino*, 46 AD3d 864 [2007]).

The defendant was properly assessed points under risk factor 9 for his conviction of a prior, nonviolent felony, and risk factor 10, for the recency of that prior felony. The People established the facts underlying the assessment of those points by clear and convincing evidence, consisting of the case summary produced by the Board of Examiners of Sex Offenders (*see People v James*, 99 AD3d 775 [2012]; *see generally People v Mingo*, 12 NY3d 563, 573 [2009]).

The defendant failed to demonstrate the existence of a

mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines that warranted a downward departure from his presumptive risk level designation (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Wyatt*, 89 AD3d 112 [2011]).

The defendant's remaining contentions are without merit. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.