In an action to enforce a confession of judgment, the defendants Sheridan Electric, Ltd., and Anthony DiNota appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered November 25, 2015, as denied that branch of their cross motion which was to vacate a confession of judgment.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The defendant Anthony DiNota, personally and as president of the defendant Sheridan Electric, Ltd. (hereinafter together the defendants), executed two affidavits of confession of judgment on March 1, 2012, in favor of the plaintiff, as part of an agreement to purchase property from the plaintiff. The affidavits of confession of judgment were provided by the defendants as further security for the transaction. After the defendants defaulted on the terms of the agreement, the plaintiff filed a confession of judgment against the defendants, jointly, with the Nassau County Clerk’s Office. Thereafter, the plaintiff commenced this action to enforce the confession of judgment, and served subpoenas duces tecum with restraining notices upon the defendants. Upon the defendants’ alleged failure to comply with the subpoenas, the plaintiff moved pursuant to CPLR 5251 and Judiciary Law § 753 to hold the defendants in civil contempt. The defendants cross-moved, inter alia, to vacate the confession of judgment on the ground that, pursuant to the parties’ agreement, the affidavits of confession of judgment were provided only for use in a foreclosure action. The Supreme Court, inter alia, denied that branch of the defendants’ cross motion which was to vacate the confession of judgment.
 

 “ ‘Construction of an unambiguous contract is a matter of law, and the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms’ ” (A. Gugliotta Dev., Inc. v First Am. Tit. Ins. Co. of N.Y., 112 AD3d 559, 560 [2013], quoting Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]).
 

 Contrary to the defendants’ contention, the language of the contract of sale, an escrow agreement, and the affidavits of confession of judgment did not condition the use of the affidavits only in the context of a foreclosure action. Furthermore, the defendants failed to submit clear, positive, and satisfactory evidence of any fraud, misconduct, or other circumstances that would require the confession of judgment in question to be set aside (see Perkins Davis Group, Inc. v Chelsea 82973, LLC, 24 AD3d 645, 645 [2005]; see also Cervera v Bressler, 106 AD3d 683 [2013]; City of Poughkeepsie v Albano, 122 AD2d 14 [1986]; Giryluk v Giryluk, 30 AD2d 22, 23 [1968], affd 23 NY2d 894 [1969]).
 

 Accordingly, the Supreme Court properly denied that branch of the defendants’ cross motion which was to vacate the confession of judgment.
 

 Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.