Wright v Gerald Gardner Wright, P.C. (2018 NY Slip Op 02358)





Wright v Gerald Gardner Wright, P.C.


2018 NY Slip Op 02358


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-00006
 (Index No. 7347/13)

[*1]Gerald G. Wright, appellant, 
v
Gerald Gardner Wright, P.C., defendant; 2701 Associates, LLC, intervenor-respondent.


Gerald G. Wright, Freeport, NY (Colleen Mary Ni Chairmhaic of counsel), appellant pro se.
Lauterbach Garfinkel Damast & Hollander, LLP, New York, NY (Ahron Weissman of counsel), for intervenor-respondent.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered October 28, 2014. The order, inter alia, granted the motion of the intervenor to confirm a referee's report dated September 9, 2014, and to vacate a judgment by confession filed in the Nassau County Clerk's office on June 21, 2013, which was in favor of the plaintiff and against the defendant in the total sum of $494,943.54.
ORDERED that the order is affirmed, with costs.
This appeal concerns the validity of a judgment by confession in favor of the plaintiff and against the defendant. The plaintiff is the sole shareholder of the defendant. The intervenor is the defendant's former landlord. During a trial between the defendant and the intervenor in a separate action, among other things, to recover unpaid rent, the plaintiff obtained from the defendant an affidavit of confession of judgment, which he then filed in the Nassau County Clerk's Office. The affidavit of confession of judgment stated, inter alia, that "[f]rom 2004 to the present, I have lent the Corporation the sum of $482,048.74, in order to provide it with necessary working capital to continue its business operations and pay its bills on a day to day basis."
The intervenor moved to vacate the judgment by confession on the grounds that the affidavit of confession of judgment did not comply with the requirements of CPLR 3218, and that the judgment by confession had been obtained by fraud. In February 2014, approximately eight months after the judgment by confession was filed, the defendant filed a supplemental affidavit of confession of judgment. A hearing was held, inter alia, on the issue of whether the judgment by confession was the product of fraud. At the conclusion of the hearing, the referee recommended, among other things, that the judgment by confession be vacated. The intervenor moved, inter alia, to confirm the referee's report and to vacate the judgment by confession. The Supreme Court, among other things, granted the motion, and the plaintiff appeals.
Contrary to the plaintiff's contention, the original affidavit of confession of judgment failed to set forth the underlying facts in sufficient detail to meet the requirements of CPLR 3218 [*2](see County Natl. Bank v Vogt, 21 NY2d 800, 801; Wood v Mitchell, 117 NY 439, 441-442; Rubashkin v Rubashkin, 98 AD3d 1018; Eurofactors Int'l, Inc. v Jacobowitz, 21 AD3d 443, 445). Furthermore, the supplemental affidavit could not be considered to cure the deficiency (see Cole-Hatchard v Nicholson, 73 AD3d 834, 836; Baehre v Rochester Dental Prosthetics, 112 Misc 2d 270, 276 [Sup Ct, Erie County]).
Also contrary to the plaintiff's contention, the intervenor submitted clear, positive, and satisfactory evidence of fraud requiring that the judgment by confession be vacated (cf. Scialo v Sheridan Elec., Ltd, 153 AD3d 1294; Rubenfeld v Gambino, 213 AD2d 709, 710; Giryluk v Giryluk, 30 AD2d 22, 23, affd 23 NY2d 894).
The plaintiff was not prejudiced by the referee's refusal to consider certain documents since the plaintiff was allowed to testify at the hearing as to the content of those documents.
Accordingly, the Supreme Court properly granted the intervenor's motion to confirm the referee's report and to vacate the judgment by confession.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court