# STATE OF MICHIGAN

# COURT OF APPEALS

BARTON W. MORRIS, JR., PC,

      Plaintiff-Appellant,

v

ISAAC VANVELZEN,

      Defendant-Appellee.

UNPUBLISHED
October 2, 2018

No.  340926
Oakland Circuit Court
LC No.  2017-160102-CZ

Before:  MURRAY, C.J., and CAMERON and LETICA, JJ.

LETICA, J. (*concurring*).

I concur.  But I write separately only to note that while nothing in MCL 600.2906 precludes an attorney from obtaining a confessed judgment against a client, other jurisdictions have condemned this practice as unethical in the context of an attorney-client relationship.  See Pitulla, *Taking Note*, 79 ABA J 117 (1993) (considering ethical implications of cognovits and noting that clients are generally entitled to a higher standard of protection in transactions with their attorneys).  See also, e.g., *In the Matter of Jacobs*, 188 App Div 2d 228, 231-232; 594 NYS2d 794 (NY App, 1993) (affirming disciplinary action where attorney improperly obtained and filed confession of judgment without providing client "a complete and full explanation of the character, effect, and purpose of the confession of judgment"); *Hulland v State Bar*, 8 Cal 3d 440; 503 P2d 608 (1972) ("The extraordinary practice of utilizing a confession of judgment to collect legal fees presents opportunities for overreaching that avoid judicial scrutiny; the practice creates a situation in which the client's ignorance of legal matters makes it unlikely that he will understand the character and effect of the instrument.").

/s/ Anica Letica