Morocho v Monterroza (2019 NY Slip Op 01590)





Morocho v Monterroza


2019 NY Slip Op 01590


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-07110
 (Index No. 53289/15)

[*1]Eugenio Morocho, respondent,
v
Irma Monterroza, appellant.


José Luis Torres, White Plains, NY, for appellant.
Cabanillas & Associates, P.C., White Plains, NY (Christopher N. Cabanillas of counsel), for respondent.



DECISION & ORDER
In an action to recover on a promissory note, the defendant appeals from an amended judgment of confession of the Supreme Court, Westchester County (Mary H. Smith, J.), entered May 8, 2017. The amended judgment of confession, upon an order of the same court dated January 29, 2016, denying the defendant's motion, inter alia, to vacate a judgment of confession dated March 11, 2015, with leave to commence a plenary action, is in favor of the plaintiff and against the defendant in the total sum of $17,866.
ORDERED that the amended judgment of confession is affirmed, with costs.
On December 21, 2011, the defendant executed a promissory note in favor of the plaintiff in the sum of $19,000. On June 3, 2014, the defendant signed an affidavit for judgment by confession, authorizing the plaintiff to enter a judgment against her in the plaintiff's favor in the sum of $19,000, plus interest, less any payments made pursuant to a separately executed stipulation of settlement. On March 11, 2015, the plaintiff obtained a judgment of confession in his favor and against the defendant in the sum of $41,230, plus costs and disbursements.
In April 2015, the defendant moved, inter alia, to vacate the judgment of confession on the ground that the loan was usurious. In opposition, the plaintiff argued that the defendant's motion should be denied as academic, because he had offered to amend the judgment by reducing the interest rate. Further, the plaintiff conceded that the judgment did not properly credit the defendant for amounts paid on the outstanding debt. In reply, the defendant argued that the plaintiff could not unilaterally change the terms of the note.
In an order dated January 29, 2016, the Supreme Court denied the defendant's motion as "procedurally improper," with leave to commence a plenary action. Additionally, in light of the concessions in the plaintiff's opposition papers, the court directed the plaintiff to submit a proposed order vacating the judgment or, in the alternative, to submit a memorandum of law explaining why the "admittedly incorrect judgment should stand."
Thereafter, upon the plaintiff's compliance with the Supreme Court's directive to submit a proposed order vacating the judgment, the court, by order dated February 23, 2016, vacated [*2]the judgment of confession, and granted the plaintiff leave to file an amended judgment on notice to the defendant. An amended judgment of confession was entered May 8, 2017, directing the defendant to pay the sum of $19,000 less $1,400 paid by the defendant, plus costs and disbursements of $286, for a total of $17,866. There is no indication in the record that the defendant commenced a plenary action. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied her motion, inter alia, to vacate the judgment of confession. "Generally, a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief" (Regency Club at Wallkill, LLC v Bienish, 95 AD3d 879, 879; see Posner v Posner, 277 AD2d 298). The grounds for vacatur relied upon by the defendant do not fall within an exception to that general rule (see Summerour & Assoc. v Bradhill Indus., 91 AD2d 902; cf. Rubashkin v Rubashkin, 98 AD3d 1018, 1018; Cole-Hatchard v Nicholson, 73 AD3d 834, 836; County Natl. Bank v Vogt, 28 AD2d 793, 794, affd 21 NY2d 800).
In light of our determination, we need not address the parties' remaining contentions.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court