Parker Waichman, LLP v Getreu (2019 NY Slip Op 01783)





Parker Waichman, LLP v Getreu


2019 NY Slip Op 01783


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-07432
 (Index No. 3493/14)

[*1]Parker Waichman, LLP, respondent, 
v
Joel L. Getreu, etc., defendant; Elena M. Perez, nonparty-appellant.


Elena M. Perez, Sunrise, Florida, nonparty-appellant pro se.
Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), respondent pro se.



DECISION & ORDER
Appeal by nonparty Elena M. Perez from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered May 15, 2017. The order denied the appellant's motion to vacate a judgment by confession filed in the Nassau County Clerk's Office on April 8, 2014, which was in favor of the plaintiff and against the defendant in the principal sum of $207,474.92.
ORDERED that the order is reversed, on the law, with costs, the motion of nonparty Elena M. Perez to vacate the judgment by confession filed on April 8, 2014, is granted, and the judgment by confession is vacated.
In early February 2013, the defendant executed a blank affidavit of confession of judgment in favor of the plaintiff for "unpaid attorney's fees and expenses due on cases plaintiff referred to the defendant for continued prosecution as co-counsel to plaintiff's law firm and in accordance with the terms of the letter agreement entered into between plaintiff and defendant dated January 24, 2013." It is undisputed that at the time the affidavit was executed, neither the plaintiff nor the defendant knew the exact amount owed by the defendant to the plaintiff under the January 24, 2013, letter agreement.
Approximately one year later, still unable to secure the defendant's cooperation in calculating the exact amount owed, the plaintiff unilaterally estimated the amount to be $207,474.92, filled in the previously executed affidavit of confession of judgment accordingly, and used that affidavit, as so modified, as the basis for obtaining a judgment by confession against the defendant in that amount, which was filed in the Nassau County Clerk's Office on April 8, 2014.
In September 2016, nonparty Elena M. Perez, a junior judgment creditor of the defendant, moved to vacate the judgment by confession on the ground that the affidavit of confession of judgment failed to comply with the strict requirements of CPLR 3218. In an affidavit filed in support of the motion, the defendant averred that the affidavit of confession of judgment was executed in blank, and the sum confessed was inserted at a later time without his knowledge or consent. The plaintiff opposed the motion. The Supreme Court denied the motion, and Perez appeals.
An affidavit of confession of judgment must "stat[e] the sum for which judgment may be entered" (CPLR 3218[a][1]), and, if the judgment to be confessed is for money due or to become due, the affidavit must also "stat[e] concisely the facts out of which the debt arose and showing that the sum confessed is justly due or to become due" (CPLR 3218[a][2]).
Here, it is undisputed that the affidavit of confession of judgment, at the time it was executed by the defendant, failed to state the sum for which judgment could be entered. It is also undisputed that the sum was unilaterally filled in months later by the plaintiff, based on calculations that are neither fully explained nor ascertainable from the evidence contained in the record. Under the circumstances, the affidavit did not meet the requirements of CPLR 3218(a) (see Katlowitz v Halberstam, 284 AD2d 306, 307; see also County Natl. Bank v Vogt, 21 NY2d 800, 801-802; Rubashkin v Rubashkin, 98 AD3d 1018).
Accordingly, the Supreme Court should have granted Perez's motion to vacate the judgment by confession.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court